IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    **Plaintiff,**

vs.                                                No. 1:11-cv-00700-KG/RHS

CITY OF ALBUQUERQUE, a New Mexico
Municipality; RAYMOND SCHULTZ, ELIZABETH
PAIZ, WILLIAM ROSEMAN, JOSEPH HUDSON,
DAVID HUBBARD, ROBERT SMITH, CECIL
KNOX, J.R. POTTER, KEVIN GAGNE, SUE NEAL,
and JOHN DOES I-V, Individually and as agents and
employees of the City of Albuquerque,

    **Defendants.**

## RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER STAYING CASE UNTIL QUALIFIED IMMUNITY RESOLVED

Defendants Raymond Schultz, William Roseman, Cecil Knox, David Hubbard, Robert Smith, J.R. Potter, Kevin Gagne, Elizabeth Paiz, Joseph Hudson, Sue Neal, and the City of Albuquerque (collectively, "Defendants") hereby respond to the Objection to Magistrate's Order Staying Case until Qualified Immunity Resolved ("Objection") [Doc. No. 137]. For the reasons set forth below and in the Motion for Immediate Stay of Discovery Pending Disposition of Motion for Qualified Immunity ("Motion to Stay") [Doc. No. 114] and the Reply in support thereof ("Reply") [Doc. No. 129] filed by Defendants Raymond Schultz, William Roseman, Cecil Knox, David Hubbard, Robert Smith, J.R. Potter, and Kevin Gagne, the Objection should not be well taken by the Court, and the Court should uphold Magistrate Judge Robert Scott's November 22, 2013 Order Staying Case Until Qualified Immunity Resolved [Doc. No. 133].

As an initial matter, Plaintiff is disingenuous when she represents that Defendants' position that all discovery is stayed, including a response to Plaintiff's Motion to Compel, is based "solely

on the Order's caption." Objection, ¶9. After Defendants' counsel communicated their position to opposing counsel, Plaintiff's counsel sent a fax requiring that a "reasonable basis" for Defendants' position be provided in less than 48 hours. Defendants' counsel responded the morning of December 6, 2013, with an explanation based on logic, the plain meaning of the Order, its cited cases, cases cited in Defendants' Motion to Stay and Reply in support thereof, additional case law citations, and a further appeal to common sense based on the Order's title, "Order Staying Case."

Moreover, Defendants requested that if Plaintiff wished to pursue the issue further, that she initiate a consultation with Magistrate Judge Scott as an alternative to litigation. Defendants' counsel reminded Plaintiff's counsel that Magistrate Judge Scott has communicated his willingness to attempt to resolve discovery disputes before motions filings. Defendants' faxed letter is attached as **Exhibit 1**. That same day, Plaintiff's counsel filed an Objection prior to pursuing a consultation with Magistrate Judge Scott.

To conserve judicial resources, Defendants' counsel incorporates by reference the arguments in support of its position, made in its December 6, 2013 faxed letter. Exhibit 1.

Second, Plaintiff's position that Magistrate Judge Scott's Order Staying Case only stays discovery to some of the Defendants is puzzling. Objection, ¶¶9, 10. The Motion to Stay specifically moved the court to stay all discovery as to all defendants and cited case law in support of this position. Judge Scott's Order Staying Case granted this Motion and cited the same caselaw in support of the Order.

To the extent that Plaintiff attempts to reargue her Response to the Motion to Stay in her Objection, Defendants respectfully request that the Court limit its consideration to the matters that

2

were originally presented to Magistrate Judge Scott for consideration.

For the foregoing reasons, Defendants respectfully request that the Court uphold Magistrate Judge Scott's November 22, 2013 Order Staying Case, and for such other and further relief as this Court deems just and proper.

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation


By /s/ Theresa E. Gheen
Theresa E. Gheen
Patricia G. Williams
Attorneys for Defendants
1803 Rio Grande Blvd., N.W. (87104)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400

I HEREBY CERTIFY that on the 13th day of December, 2013,
I filed the foregoing electronically though the CM/ECF system,
which caused the parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing.

By /s/ Theresa E. Gheen
Theresa E. Gheen

**WIGGINS, WILLIAMS & WIGGINS**
A PROFESSIONAL CORPORATION

LAWYERS

TELEPHONE (505) 764-8400
FACSIMILE (505) 764-8585

1803 RIO GRANDE, NW
ALBUQUERQUE, NEW MEXICO 87104

MAILING ADDRESS:
P.O. BOX 1308
ALBUQUERQUE, NM 87103-1308

December 6, 2013

**VIA FAX AND REGULAR U.S. MAIL**
Esteban A. Aguilar, Jr.
Aguilar & Aguilar, P.C.
2501 Rio Grande NW #A
Albuquerque, NM 87104

<u>Welch v. City of Albuquerque, et al.</u>

Dear Mr. Aguilar:

Yesterday morning I read your faxed letter which you transmitted December 4th at 5:32 pm, after our law firm's office hours had ended. Your letter demands a response by 5:00 pm today (Dec. 6) informing you of our "reasonable basis" for staying our response to Plaintiff's Motion to Compel.

Judge Robert Hayes Scott's Order Staying Case Until Qualified Immunity Issue Resolved [Doc. No. 133] and its cited seminal caselaw clearly state that the burdens of discovery are stayed pending the decision on qualified immunity. Considering that Plaintiff's Motion to Compel discovery is fundamentally a discovery issue, it follows logically that the burden of responding to Plaintiff's Motion to Compel interrogatories and requests for production ("Discovery Requests") is stayed. In addition, your statement that discovery is stayed only as regards to some of the defendants is wrong. Judge Scott granted our Motion to Stay Discovery in which a stay for all discovery for all defendants was requested: "[T]he Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), makes clear that all discovery for all defendants should be stayed, not just for the individuals asserting qualified immunity. 'The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.' <u>Id.</u> at 685 (internal citation omitted)." Motion to Stay, at pgs. 2-3. In his Order Staying Case, Judge Scott states:

> Binding precedent establishes that a stay is mandatory once qualified immunity has been asserted and the Court has little discretion to allow discovery to proceed. Qualified immunity not only protects governmental employees who perform discretionary functions from liability, but also protects them from the burdens of trial, including discovery. <u>Jiron v. City of Lakewood</u>, 392 F.3d 410, 414 (10th Cir. 2004); <u>Workman v. Jordan</u>, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (citing <u>Siegert v. Gilley</u>, 500 U.S. 226 (1991)).

**EXHIBIT 1**

> Careful case management, such as allowing discovery to proceed as to only some defendants cannot overcome the demands of qualified immunity . . . ."

Order Staying Case, at pgs. 1-2 [Doc. No. 133]. Judge Scott then quotes the same section of *Ashcroft v. Iqbal* which Defendants included in their Motion to Stay to support the principle that all discovery is stayed as to all defendants:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Iqbal, 556 U.S. at 685-86; Order Staying Case, at pg. 2 [Doc. No. 133]; *see* Motion to Stay, at pg. 3.

And lastly, the title of the judicial order, Order to Stay Case, is sufficiently broad as to relieve you of any lingering doubt as to what is the plain meaning of the Order.

If you decide to litigate this issue, we must forewarn you that caselaw is clearly on our side, and we will be asking for attorney's fees and costs in working on the issue. Your position runs against Judge Scott's Order to Stay Case and legal precedent, and unnecessarily increases the burdens and costs of litigation. I encourage you to look at caselaw on the issue before running up legal fees. Consider a few cases found in a quick search: Lavado v. Keohane, 992 F.2d 601 (C.A.6 (Tenn.), 1993) (suggests a motion to compel discovery filed before a qualified immunity motion was stayed); Guy, In re, 875 F.2d 315 (C.A.4, 1989) (court not required to "answer" motion to compel when all discovery was stayed during the pendency of the interlocutory appeals on qualified immunity).

Furthermore, as previously discussed between your law office and Defendants' attorneys, Patricia Williams and Jenny Dumas (now no longer with our firm), Plaintiff's Discovery Requests served on Defendants are needlessly complex and compound, which in the aggregate, exceed the maximum allowed number of 25 interrogatories and 25 requests for production. Defendants find that even responding to the Motion to Compel discovery is burdensome. One such purported "single" interrogatory is:

> State all formal or informal complaints made against the you by any citizen, individual, employee, agent, apparent agent, or independent contractor-including but not limited to any officers, detectives, sergeants, lieutenants, commanders, deputy chiefs-to any individual, agency or entity charged with reviewing such complaints,

> including but not limited to any division, subdivision, department or committee of the City of Albuquerque, the Equal Employment Opportunity Commission, the New Mexico State Human Rights Division, the United States Attorney or any entity or arm of the U.S. Department of Justice, or the New Mexico State Attorney General, alleging hostile work environment(s), sexual or physical harassment, gender based discrimination, retaliation, conspiracy to commit civil rights violations, and deprivation of substantive and procedural due process or any property interest, at any time over the last ten (10) years, and identify any document pertinent to this interrogatory, including any ESI [a.k.a., electronically stored information]. For each such complaint, state:
> A.   The date of the complaint;
> B.   The name, address and telephone number of the person who made the complaint;
> C.   The nature of the complaint, including a summary of the factual basis of the complaint;
> D.   The name, address, and telephone number of the individual or individuals against whom the complaint was made;
> E.   Whether the complaint was prosecuted, litigated, or otherwise processed in an internal affairs investigation, City of Albuquerque administrative proceeding, court, or any other proceeding, including but not limited to proceedings in the New Mexico Department of Workforce Solutions, or whether the complaint was otherwise resolved via settlement or any other form of alternative dispute resolution, including but not limited to mediation or arbitration;
> F.   Whether witnesses were identified and proffered testimony at any proceeding identified in subsection (d) above, and if so, the identity of the witness and the date of the testimony, if applicable;
> G.   The outcome of any proceeding identified in subsection (d) above, including the result of any mediation or arbitration.
> H.   Whether the complaint resulted in any disciplinary action taken by the City of Albuquerque or APD, and if so, the type of action taken.

This is not just "one" interrogatory, but arguably over 20, including sub-parts. Of Plaintiff's complex and compound Discovery Requests (Interrogatories No. 1-3, 5-8, and 10-13 and Requests Nos. 2-5 served to individual Defendants and Interrogatories No. 1-7, and 10-16 and Requests Nos. 2-11, 15, 17, and 19 served to the City of Albuquerque), Plaintiff now seeks to compel some of the most egregious of these Discovery Requests over Defendants' objection.

Plaintiff has previously denied our request to revise and restate these Discovery Requests to comply with the court order. Plaintiff now seeks to burden Defendants with responding to her Motion to Compel discovery while all discovery is stayed pending the Qualified Immunity Motion.

Steven Aguilar
December 6, 2013
Page 4

As for the "delay" in taking depositions, we granted Plaintiff's counsel six weeks of extensions to respond to our qualified immunity motion. Per LR-CV 7.4, Plaintiff's response was due on October 24, 2013. Plaintiff finally filed her reply on December 4, 2013. We merely conditioned our permission on a delay of depositions in proportion to the extent of the delay permitted for Plaintiff's response. To do otherwise would not have given sufficient time for Defendants to reply and for the judge to decide on the issue. We were unaware your agreement was done begrudgingly; we assumed that you agreed willingly to the reasonable request so that you could have six more weeks to respond to the motion.

Plaintiff also requested, and we agreed to, a page-limit extension. In response to our 19-page brief in support of qualified immunity, Plaintiff filed a 26-page response on Wednesday at the close of business, which, in addition to all attachments, amounts to over 240 pages. Considering Plaintiff's history of lengthy and complex requests, it is questionable whether Defendants will be able to adequately reply to Plaintiff's 144-page response within the 14-day period and it also makes it unlikely that the judge will rule on the qualified immunity motion before Plaintiff's first scheduled deposition on January 21, 2013. Lastly, in telephone conversations between Steve Aguilar, Jr. and Theresa Gheen, Mr. Aguilar, Jr. stated that he planned to vacate the remaining 8 of the original 22 depositions because he wished to do them in the original order – reasons irrelevant to Patricia William's unavailability. Had Plaintiff merely submitted straight-forward Discovery Requests within the maximum number allowed and timely responded to our qualified immunity motion with a reasonably-sized response, we would not be in this situation.

Lastly, your letter threatened a notice of completion of briefing on the motion to compel. You are aware that briefing is not complete, and such a filing would be misleading to the court.

In closing, (1) your assertions regarding discovery not being stayed as to defendants who did not assert a qualified immunity defense is incorrect and contrary to judicial order and binding precedent, (2) the burdens of litigation including discovery is stayed, which includes the burden of responding to the Motion to Compel, (3) if you decide to litigate this issue you might be facing a sanction including attorney's fees and costs, and (4) the problem you find yourself in regarding the deposition schedule is a problem of your own making.

Judge Scott has stated he is available to discuss discovery-related issues before parties file motions. We are willing to participated in such a conference before you needlessly run up legal fees for the parties.

Please inform us by 5:00 pm today, December 6, 2013 as to your decision on these matters, and any arrangements to discuss these matters with Judge Scott.

Steven Aguilar
December 6, 2013
Page 5

                                  Very truly yours,

                                  WIGGINS, WILLIAMS & WIGGINS
                                  A Professional Corporation

                            By_____
                                   Theresa E. Gheen

TEG:aag

G:\PW\CLIENTS\1861-City of Alb\019-Welch, Terysa\Correspondence\Aguilar ltr 12.06.13.wpd