IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                                                                                                          Civ. No. 11-700 KG/RHS

CITY OF ALBUQUERQUE, a New Mexico
Municipality; RAYMOND SCHULTZ,
ELIZABETH PAIZ, WILLIAM ROSEMAN,
JOSEPH HUDSON, DAVID HUBBARD,
ROBERT SMITH, CECIL KNOX, J.R. POTTER,
KEVIN GAGNE, SUE NEAL, JANE DOES I-V,
Individually and as agents and employees of the
City of Albuquerque,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's timely Objection to Magistrate's Order Staying Case Until Qualified Immunity Resolved (Objection), filed December 6, 2013. (Doc. 137). Plaintiff objects to the Magistrate Judge's November 22, 2013, Order Staying Case Until Qualified Immunity Resolved (Order) in which the Magistrate Judge granted Defendants Raymond Schultz, William Roseman, David Hubbard, Cecil Knox, Robert Smith, J. R. Potter, and Kevin Gagne's Motion for Immediate Stay of Discovery Pending Disposition of Motion for Qualified Immunity (Motion to Stay Discovery). *See* (Docs. 114 and 133). Defendants Schultz, Roseman, Knox, Hubbard, Smith, Potter, Gagne, Paiz, Hudson, Neal, and City of Albuquerque (collectively, Defendants) responded to the Objection, and Plaintiff filed an amended reply to Defendants' response. (Docs. 140 and 145). Having reviewed the Objection and accompanying briefs, the Court overrules the Objection. The Court further clarifies that the Magistrate Judge's

Order stays only discovery, including any responses to discovery motions like motions to compel, and that the stay of discovery applies to all Defendants and all claims.

A.  *Background*

This is an employment case based on alleged Title VII discrimination, 42 U.S.C. §1983 civil rights violations, 42 U.S.C. § 1985 civil conspiracy, and on various state law violations.  On October 9, 2013, Defendants Schultz, Roseman, Hubbard, Knox, Smith, Potter, and Gagne (the Seven Defendants) filed a Motion for Summary Judgment Based on Qualified Immunity and Plaintiff's Inability to Support Claims (Motion for Summary Judgment) in which they move to dismiss Count II of the second amended complaint.  (Docs. 112 and 113).  Count II contains §§ 1983 and 1985 claims brought solely against the Seven Defendants; nowhere else in the second amended complaint does Plaintiff bring §§ 1983 and 1985 claims.  (Doc. 88) at ¶¶ 99-105.  In their Motion for Summary Judgment, the Seven Defendants raise a qualified immunity defense with respect to the §1983 claims and they seek summary judgment on the § 1985 claim.  (Doc. 113).

The Seven Defendants then filed the Motion to Stay Discovery seeking to stay all discovery, including discovery directed to the other Defendants and claims, pending resolution of the Motion for Summary Judgment.  (Doc. 114).  The Magistrate Judge subsequently granted the Motion to Stay Discovery.  (Doc. 133).  Plaintiff now objects to the Magistrate Judge's Order under Fed. R. Civ. P. 72(a).  (Doc. 137).

B.  *Plaintiff's Objection*

Plaintiff contends that the Magistrate Judge's Order is clearly erroneous, contrary to law, and does not address the concerns she set forth in her response to the Motion to Stay Discovery. Plaintiff argues, as she previously did, that discovery should not be stayed as to the Defendants

2

who are not sued under Count II and cannot claim a qualified immunity defense. Plaintiff also objects to the title of the Order because it refers to staying the entire case instead of staying just discovery. Plaintiff further contends that an order staying discovery does not stay Defendants from filing a response to Plaintiff's motion to compel. Finally, Plaintiff maintains that the Order is limited to only the Seven Defendants. Defendants argue that the Objection is without merit.

C.  Standard of Review

Rule 72(a) states that when a magistrate judge rules on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Although Plaintiff argues in a conclusory manner that the Magistrate Judge's Order is clearly erroneous, she does not dispute any factual findings by the Magistrate Judge. Plaintiff's Objection is really based on the contention that the Order is contrary to law. When determining whether a magistrate judge's order is contrary to law, the district court conducts a *de novo* review of the magistrate judge's legal conclusions. *Id*. A magistrate judge's decision is contrary to law when "the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.,* 32 F.Supp.2d 162, 164 (D.N.J. 1998).

D.  Discussion

   1.  Whether the Magistrate Judge Could Stay Discovery as to All Defendants and All Claims

Qualified immunity provides government employees with immunity from § 1983 lawsuits and, thus, protects those employees from the burdens of trial like discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). The United States Supreme Court in *Ashcroft v. Iqbal* explained that staying discovery for government employees entitled to assert qualified immunity while allowing defendants not entitled to assert qualified immunity to

continue to engage in discovery does not advance the purpose of qualified immunity, i.e., to "free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)).  The Court observed that "[it] is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the government employees entitled to assert qualified immunity] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Id.*  In other words, allowing other parties to conduct discovery could lead government employees entitled to assert qualified immunity to lose the benefit of their qualified immunity defense.

Plaintiff unsuccessfully attempts to distinguish this settled law by citing cases decided either prior to *Iqbal*, by district courts in unpublished and non-binding decisions, or by district courts outside the Tenth Circuit.  Plaintiff also cites *Brever v. Rockwell Intern. Corp.* for the proposition that discovery is necessary before the Court can rule on the § 1985 conspiracy claim. 40 F.3d 1119, 1126 (10th Cir. 1994).  *Brever*, however, is distinguishable from this case because it does not concern a stay of discovery due to an asserted qualified immunity defense.  In sum, Plaintiff fails to convince this Court that the Magistrate Judge's decision to grant the Motion to Stay Discovery involved a misinterpretation or misapplication of the law as articulated by the Tenth Circuit Court of Appeals and the United States Supreme Court.  Thus, the Magistrate Judge's Order is not contrary to law.

   *2. Whether the Title of the Order Reflects What the Magistrate Judge Ordered*

Although the title of the Magistrate Judge's Order unfortunately refers to staying the case instead of staying discovery, the Magistrate Judge clearly states in the order language that "discovery is STAYED until the trial court resolves the pending Motion for Summary Judgment

Based on Qualified Immunity (Doc. 112)." (Doc. 133) at 2.  The order language obviously controls when the title of an order contradicts the order language.  Therefore, the Court construes the Magistrate Judge's Order to stay discovery, not to stay the case.

    *3. Whether an Order Staying Discovery Stays Briefing on a Motion to Compel Discovery*

If the purpose of staying discovery pending ruling on the issue of qualified immunity is to lessen the burden of litigation on government employees who may be entitled to qualified immunity, then, logically, government employees should not be required to expend resources on responding to motions to compel discovery which may become moot depending on the outcome of the qualified immunity issue.  Accordingly, the Court determines that the stay of discovery applies to briefing discovery motions like motions to compel.

    *4. Whether the Magistrate Judge's Order Applies Only to the Seven Defendants*

The fact that the Magistrate Judge granted the Seven Defendant's Motion to Stay Discovery does not mean that the Magistrate Judge granted that motion as to only the Seven Defendants.  The Magistrate Judge actually states that "[c]areful case management, such as allowing discovery to proceed as to only some defendants, cannot overcome the demands of qualified immunity…." (Doc. 133) at 2.  He then quotes the portion of *Iqbal* which explains why a stay of discovery should apply to all defendants.  *Id*.  Additionally, in granting the Seven Defendants' Motion to Stay Discovery, the Magistrate Judge implicitly granted the Seven Defendants' request that discovery be stayed as to all Defendants and all claims.  Under these circumstances, the Court construes the Magistrate Judge's Order to apply to all Defendants and all claims.

IT IS ORDERED that:

1. Plaintiff's Objection (Doc. 137) is overruled;

2. only discovery is stayed pending resolution of the Seven Defendants' Motion for Summary Judgment;

3. the stay of discovery applies to all briefing on discovery motions such as motions to compel; and

4. the stay of discovery applies to all Defendants and all claims.

_____
UNITED STATES DISTRICT JUDGE