IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                              No. 1:11-cv-00700-KG/RHS

CITY OF ALBUQUERQUE, a New Mexico
Municipality; RAYMOND SCHULTZ, ELIZABETH
PAIZ, WILLIAM ROSEMAN, JOSEPH HUDSON,
DAVID HUBBARD, ROBERT SMITH, CECIL
KNOX, J.R. POTTER, KEVIN GAGNE, SUE NEAL,
and JOHN DOES I-V, Individually and as agents and
employees of the City of Albuquerque,

    Defendants.

## DEFENDANTS RAYMOND SCHULTZ, WILLIAM ROSEMAN, CECIL KNOX, DAVID HUBBARD, ROBERT SMITH, J.R. POTTER, AND KEVIN GAGNE'S REPLY TO PLAINTIFF S RESPONSE TO MOTION TO STRIKE PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH D.N.M. LR-CIV 7.5 AND 10.5

Plaintiff denies that her Response to Defendants' Motion for Summary Judgment Based on Qualified Immunity ("Response") [Doc. 136] fails to comply with page limitations as set forth in D.N.M. LR-Civ. 7.5 and 10.5. Plaintiff manipulated the page limit of her Response. Defendants agreed to allow her 29 pages to respond to Defendants' 19-page Motion for Summary Judgment Based on Qualified Immunity ("Motion"). [Doc. 112.] Plaintiff used that extended page limit and then incorporated by reference her 13-page, single-spaced Affidavit [Doc. 135], another two-page affidavit from her attorney, and attached over 200 pages of exhibits to her Affidavit. Because Plaintiff did not seek leave from the Defendants or the Court to file so many pages, Defendants move the Court to strike her Response, or alternatively, to order Plaintiff to

amend her Response to comply with these local rules and strike the non-conforming documents from the record.

## ARGUMENT

A party does not have *carte blanche* to impermissibly separate facts and argument into a separate pleading, which is incorporated by reference, but should have been part of that party's briefing. Plaintiff wholly ignores Defendants' contentions, and instead creates a straw man argument about the permissibility of affidavits in summary judgment motions.

Defendants do not claim that affidavits cannot be separate pleadings or that an affidavit's attachments are impermissible or "inadmissible." Response to Motion to Strike [Doc. 150], at 4. Defendants also do not contest Plaintiff's burden to provide the Court with evidence in an attempt to establish a material issue of fact upon a summary judgment motion. Therefore, all of Plaintiff's so-called supporting case-law in her Response to the Motion to Strike is irrelevant to counter Defendants' legitimate arguments.

Simply put, Defendants have issue with Plaintiff's manipulation of those affidavits and exhibits in a brazen attempt to circumvent local rules and complicate the record. In an attempt to technically meet the extended page limit, Plaintiff cut out several pages of assertions in her Response, adding them to the affidavit and then incorporated the 13-page, single-spaced affidavit in its entirety. After receiving permission for a page extension from Defendants, Plaintiff manipulated her filings in a slick attempt to avoid asking the Court for a further page limit extension, in violation of D.N.M. LR-Civ. 7.5. Plaintiff independently violated D.N.M. LR-Civ. 10.5 by exceeding the 50-page limitation to exhibits without discussing an extension of that page limit with Defendants.

Plaintiff also fabricates a dispute with the *number* of exhibits. Response to Motion to Strike, at 5. Defendants nowhere mentioned such an issue in their Motion to Strike. Rather, Defendants point out that Plaintiff manipulated the affidavits and attached exhibits to exceed the *page number* limitations.

Plaintiff's caselaw citations are similarly misconstrued and taken out of context. Plaintiff cites Llewellyn in an attempt to support her position that her Response should not be stricken. Llewellyn v. Allstate Home Loans, Inc., 795 F.Supp.2d 1210, 1219 (D.Colo. 2011). In Llewellyn, the plaintiff filed four declarations in response to defendant's summary judgment motion, none of which were claimed to have been used to manipulate and violate page limits or any other local rule.

That is not the case here. Contrary to Plaintiff's claim that "there is no support for Defendants' effort" (Response to Motion to Strike, at 3), case law supports that the Court should strike the noncomplying Response, affidavits and attachments. Plaintiff states that supporting affidavits are permitted in summary judgment pleadings. Defendants have no issue with that obvious statement of the law. However, as stated a few months ago by United States Magistrate Judge Lorenzo Garcia in Sartori, "[a] party does not escape the exhibit page limit merely by attaching exhibits to a separate declaration in support of summary judgment." Sartori v. Susan C. Little & Associates, P.A., Civ. No. 12-515, fn 5, JB/LFG (D.N.M. June 27, 2013) (noting *sua sponte* that defendants violated D.N.M.LR-Civ. 7.5 "by attaching voluminous [123 pages] exhibits to a declaration in support of summary judgment." Id. at 3). In Sartori, the Court allowed defendants' noncompliant motion with exhibits, partly because plaintiff's motion had also exceeded the page limitations and had additionally been untimely. Id. In this case, in a similar

attempt to escape the page limit, Plaintiff filed over 200 exhibit pages, almost twice as many exhibit pages as in Sartori, but Defendants' Motion neither exceeded page limits nor was untimely.

Nor do other United States District Courts permit so-called "separate" filings which obviously should have been incorporated into the main filing in an effort to exceed page limits. See e.g, Trident Seafoods Corp. v. Commonwealth Ins. Co., 850 F.Supp.2d 1189, fn 1 (W.D. Wash. Feb. 7, 2012) (striking a separately filed motion which should have been included in a reply memorandum because "[t]he Local Civil Rules provide procedures for filing overlength briefs, and the fact that Commonwealth's reply memoranda was near the page limit is no excuse to violate the rules of court [by filing a separate motion]."); Rochlin v. Cincinnati Ins. Co., Cause No. IP 00-1898-C H/K, at 20 (S.D. Ind. July 8, 2003) (granting a motion to strike because "[r]ather than actually edit a 60-page brief down to 40 pages, defendant chose simply to remove large portions of the argument and to label them as "exhibits" and "appendix" in an attempt to appear to comply with the letter of the court's order."); Olin Corp. v. Continental Cas. Co., 2:10-cv-00623-GMN-RJJ, 2012 WL 2884803 (D. Nev. July 12, 2012) (unreported) (order denying without prejudice several motions for summary judgment filed separately in an improper attempt to circumvent D.NV.LR 7-4); Hagan v. California Physicians' Serv., 685 F.Supp.2d 1044, 1047 (N.D. Cal. 2010) ("The Court does not appreciate the concurrent filing of eight pages of objections separate from and in addition to an opposition brief that already reaches the page limit set out by the Civil Local Rules . . . ." Id.). Defendants find it perplexing that Plaintiff was "unable to find any [case law] that would provide support for Defendants' Motion [to Strike]." Response to Motion to Strike, at 3.

Plaintiff makes much of Defendants' lack of citation to Rule 56. However, as already stated, Defendants have no issue with the Plaintiff's burden to present evidence of material facts at issue as stated under that rule. Plaintiff herself should re-read the local rules affiliated with Rule 56. Local Rule 56.1(b) requires a response to contain "a concise statement of material facts" which are genuinely disputed to be sequentially numbered or to "set forth additional facts" with each fact "lettered and must refer with particularity to those portions of the record upon which the non-movant relies." D.N.M.LR-Civ. 56.1. Plaintiff does not set forth these facts in her Response, but "incorporates the facts presented in her Affidavit . . . ." Response to Motion to Strike, at 2. Plaintiff does, however, list her facts in her Affidavit with citations to its exhibits, supporting Defendants' argument that they are part of the substance of the Response and were removed to a separate document to avoid page limitations. By removing the required statements of material fact from her Response and putting them into her Affidavit, and by attaching what should have been exhibits to her Response instead to her Affidavit, Plaintiff manipulated her filings to circumvent local rules.

Lastly, Plaintiff alleges that she attached her Affidavit to counteract Defendants' alleged "small portion of the facts" in their Motion. Plaintiff could have simply indicated which facts were in dispute, referencing her Second Amended Complaint. However, Plaintiff instead chose to incorporate a "separate" single-spaced, 13-page Affidavit to beef up her statement of fact without seeking leave of Court to do so. The exhibits' primary purpose was to support her Response. By attaching them to her Affidavit, Plaintiff schemed to circumvent court rules.

## **CONCLUSION**

Defendants respectfully request the Court grant Defendants' motion and enter an Order

striking Plaintiff's Response, or alternatively, requiring Plaintiff to amend her Response to comply with D.N.M. LR-Civ. 7.5 and 10.5, and strike the non-conforming pleadings from the record. If Plaintiff is ordered to amend her Response, Defendants move the court to permit them to amend their Reply in support of their Motion. [Doc. 147.] Defendants further request that the Court award Defendants their reasonable attorneys' fees in bringing this motion and grant such other and further relief as the Court deems just and appropriate.

          WIGGINS, WILLIAMS & WIGGINS
          A Professional Corporation


By   */s/ Theresa E. Gheen*
      Theresa E. Gheen
      Patricia G. Williams
Attorneys for Defendants
1803 Rio Grande Blvd., N.W. (87104)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400


I HEREBY CERTIFY that on the 21th day of January, 2014,
I filed the foregoing electronically though the CM/ECF system,
which caused all parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing.


*/s/ Theresa E. Gheen*
Theresa E. Gheen