IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                                                                No. CIV-11-00700 KG/KK

CITY OF ALBUQUERQUE, a New Mexico
Municipality; RAYMOND SCHULTZ,
ELIZABETH PAIZ, WILLIAM ROSEMAN,
JOSEPH HUDSON, DAVID HUBBARD,
ROBERT SMITH, CECIL KNOX, J.R. POTTER,
KEVIN GAGNE, SUE NEAL, AND JOHN
DOES I-V, Individually and as agents and
employees of the City of Albuquerque,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Raymond Schultz, William Roseman, Cecil Knox, David Hubbard, Robert Smith, J.R. Potter, and Kevin Gagne's (Defendants) Motion to Strike Plaintiff's Response to Motion for Summary Judgment for Failure to Comply with D.N.M.LR-Civ. 7.5 and 10.5 (Motion to Strike), filed December 16, 2013. (Doc. 141). On January 6, 2014, Plaintiff responded and Defendants replied on January 21, 2014. (Docs. 150 and 153). Having considered Defendants' Motion to Strike, the corresponding briefs, and the applicable law the Court hereby grants Defendants' Motion to Strike.

A. *Background*

On May 15, 2013, Terysa M. Welch (Plaintiff) filed a Second Amended Complaint. (Doc. 88). Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (Count I); conspiracy to commit civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985 (Count II); state civil rights violations pursuant to New Mexico Human Rights Act,

NMSA 1978, §§ 28-1-1 *et seq.* (Counts III and IV); negligence *per se* for violations of the New Mexico Peace Officer's Employer-Employee Relations Act, NMSA 1978, §§ 29-14-1 to -11 (Count V); and requests injunctive relief (Count VI).  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

*B.  Discussion*

On October 9, 2013, Defendants brought a Motion for Summary Judgment Based on Qualified Immunity and on Plaintiff's Inability to Support Claims in Count II (Partial Motion for Summary Judgment) and memorandum in support of the Partial Motion for Summary Judgment. (Docs. 112 and 113).  On December 4, 2013, Plaintiff filed a twenty-six page response,[1] (Doc. 136), and contemporaneously filed a thirteen page single-spaced affidavit as well as forty-two exhibits that total two-hundred and one pages.  (Doc. 135).

As a result, Defendant filed the instant motion moving for the Court to strike Plaintiff's response, affidavit, and all supporting documents for failure to comply with D.N.M.LR-Civ. 7.5 and 10.5 or, in the alternative, order Plaintiff to amend the response in compliance with the local rules.

Plaintiff first counters that the local rules are inapplicable because the rules explicitly apply to briefs, not affidavits.  Moreover, there is neither a local nor federal prohibition on filing affidavits as standalone pleadings.  Second, Defendants' Motion to Strike is improper because, generally, such motions are limited to pleadings and affidavits that fail to comply with Fed. R. Civ. P. 56.

The District of New Mexico Local Rules of Civil Procedure mandate that "[a] responsive brief must not exceed twenty-four (24) double-spaced pages."  D.N.M.LR-Civ. 7.5.

---

[1] Notably, according to Defendants, the parties stipulated to a twenty-nine page limitation for the response brief. (Doc. 153) at 1.

Furthermore, exhibits to a responsive brief "must not exceed a total of fifty (50) pages, unless all parties agree otherwise." D.N.M.LR-Civ. 10.5.  Undeniably, the plain language of D.N.M.LR-Civ. 7.5. and 10.5 supports Plaintiff's proposition that the rules do not pertain to affidavits. Moreover, neither party has pointed to a federal or local rule prohibiting the submission of affidavits as standalone proceedings, nor could the Court find one.  Nevertheless, the Court is not inclined to entertain Plaintiff's arguments under the circumstances presented in this matter.

First, a review of Plaintiff's response brief evidences that she did not comply with D.N.M.LR-Civ. 56.1(b).  This rule prescribes that a non-movant—in the response brief—"may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion.  Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies."

In this matter, Plaintiff's response brief asserts that Defendants' Partial Motion for Summary Judgment contains incomplete and misleading statement of facts.  *See* (Doc. 136) at 2; *see also* (Doc. 150) at 2.  Plaintiff further alleges that her response brief demonstrates the existence of genuine issues of material fact.  *See* (Doc. 136) at 2; *see also* (Doc. 150) at 2.  The Court is mystified by Plaintiff's statements in light of the fact that her response brief is void of any section setting forth additional facts pursuant to D.N.M.LR-Civ. 56.1(b).  Moreover, by her own statement, Plaintiff acknowledges that only her affidavit sets forth additional facts material to this matter.  *See* (Doc. 136) at 2 ("Ms. Welch's Affidavit . . . provides a concise and complete account of the events leading to the filing of her Complaint, and fully and completely addresses the claims of Defendant Paiz.").[2]  D.N.M.LR-Civ. 56.1(b) clearly states that the proper vehicle

---

[2] The only exhibit Defendants submitted in support for their Partial Motion for Summary Judgment was the Affidavit of Elizabeth Paiz.  *See* (Doc. 115).

for a non-movant to assert additional material facts is a response brief, not an affidavit. The Court, therefore, finds that Plaintiff's response brief does not comply with D.N.M.LR-Civ. 56.1(b).

Second, although the practice of filing an affidavit in support of a brief technically complies with the letter of local and federal rules, the Court finds Plaintiff's particular practice violates the spirit of the local rules page limitation. A party may not circumvent the page limitation merely by attaching an affidavit as an additional pleading or by attaching exhibits to a separate document in support of a summary judgment brief. *See Sartori v. Susan C. Little & Assocs., P.A.*, Civ. No. 12-515(JB-LFG), Doc. 182 at *3 n.5 (D.N.M. June 27, 2013). Although this Court, at times, is willing to excuse instances of noncompliance with the local rules—when the party is arguing in good faith—Plaintiff's action of filing a thirteen page single-spaced affidavit and two hundred and one pages in exhibits is highly questionable. The Court cautions Plaintiff of further gamesmanship. Accordingly, the Court finds Defendants' Motion to Strike has merit and, thus, is granted.

IT IS, THEREFORE, ORDERED that

1. Defendants Raymond Schultz, William Roseman, Cecil Knox, David Hubbard, Robert Smith, J.R. Potter, and Kevin Gagne's (Defendants) Motion to Strike Plaintiff's Response to Motion for Summary Judgment for Failure to Comply with D.N.M.LR-Civ. 7.5 and 10.5 (Doc. 141) is granted;

2. Plaintiff's Response to Defendants' Motion for Summary Judgment Based on Qualified Immunity and on Plaintiff's Inability to Support Claims (Doc. 136), filed December 4, 2013, is struck from the record;

3.  Plaintiff's Affidavit (Doc. 135) and exhibits (Docs. 135-1 to 135-42), filed December 4, 2013, are struck from the record;

4.  Plaintiff may file an amended response brief limited to twenty-pages (29) within fourteen (14) days from the filing of this Order;

5.  Plaintiff's exhibit page limitation must comply with D.N.M.LR-Civ. 10.5, unless the parties agree otherwise or Plaintiff requests leave from this Court; and

6.  Defendant may file an amended reply brief no later than ten (10) days following the filing of Plaintiff's brief.

_____
UNITED STATES DISTRICT JUDGE