IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                                            No. CIV-11-00700 KG/SCY

CITY OF ALBUQUERQUE, a New Mexico
Municipality; RAYMOND SCHULTZ,
ELIZABETH PAIZ, WILLIAM ROSEMAN,
JOSEPH HUDSON, DAVID HUBBARD,
ROBERT SMITH, CECIL KNOX, J.R. POTTER,
KEVIN GAGNE, SUE NEAL, AND JOHN
DOES I-V, Individually and as agents and
employees of the City of Albuquerque,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Raymond Schultz, William Roseman, Cecil Knox, David Hubbard, Robert Smith, J.R. Potter, and Kevin Gagne's (Defendants) Second Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment Based on Qualified Immunity and Memorandum in Support Thereof (Second Motion to Strike), filed March 15, 2016. (Doc. 202). On April 19, 2016, Plaintiff responded and Defendants replied on May 3, 2016. (Docs. 205 and 206). Having considered Defendants' Second Motion to Strike, the corresponding briefs, and the applicable law the Court hereby denies Defendants' Second Motion to Strike.

*A. Background*

On May 15, 2013, Terysa M. Welch (Plaintiff) filed a Second Amended Complaint. (Doc. 88). Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (Count I); conspiracy to commit civil rights violations pursuant to 42 U.S.C. §§

1983, 1985 (Count II); state civil rights violations pursuant to New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 *et seq.* (Counts III and IV); negligence *per se* for violations of the New Mexico Peace Officer's Employer-Employee Relations Act, NMSA 1978, §§ 29-14-1 to -11 (Count V); and requests injunctive relief (Count VI).[1]  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

B.  *Procedural History*

On October 9, 2013, Defendants brought a Motion for Summary Judgment Based on Qualified Immunity and on Plaintiff's Inability to Support Claims in Count II and Memorandum in Support of Thereof (collectively, Partial Motion for Summary Judgment).  (Docs. 112 and 113).  On December 4, 2013, Plaintiff filed a twenty-six page response,[2] (Plaintiff's First Response) (Doc. 136), and contemporaneously filed a thirteen page single-spaced affidavit as well as forty-two exhibits that total two-hundred and one pages.  (Doc. 135).

As a result, on December 16, 2013, Defendants moved for the Court to strike Plaintiff's response, affidavit, and all supporting documents for failure to comply with D.N.M.LR-Civ. 7.5 and 10.5 or, in the alternative, order Plaintiff to amend the response in compliance with the local rules (First Motion to Strike).  (Doc. 141).  Plaintiff and Defendants timely filed a response and reply.  (Docs. 150 and 153).

On February 4, 2016, this Court granted Defendants' First Motion to Strike Plaintiff's First Response to the Partial Motion for Summary Judgment.  (Doc. 190).  The Court held that Plaintiff's response brief failed to comply with D.N.M.LR-Civ. 56.1(b) because it was void of

---

[1]  On March 5, 2014, this Court granted Defendants' Unopposed Motion to Dismiss Count V and Punitive Damages Claims from Counts III and IV.  (Doc. 157).

[2]  Notably, according to Defendants, the parties stipulated to a twenty-nine page limitation for the response brief. (Doc. 153) at 1.

any section setting forth additional facts pursuant to the local rule.[3]  *Id.* at 3–4.  The Court specifically determined that Plaintiff improperly stated additional material facts in the affidavit.  *Id.* at 3–4.  The Court also noted that Plaintiff's practice of submitting a thirteen page single-space affidavit with forty-two exhibits—totaling two-hundred and one pages—violated the spirit of the local rules page limitation.  *Id.* at 4.  The Court cautioned Plaintiff of "further gamesmanship."  *Id.*

Consequently, the Court struck Plaintiff's First Response to Defendants' Partial Motion for Summary Judgment (Doc. 136), Plaintiff's affidavit (Doc. 135) and exhibits (Docs. 135-1 to 135-42) from the record.  The Court, however, permitted Plaintiff an opportunity to file an amended response limited to twenty-nine pages and within the exhibit page limitation set forth within D.N.M.LR-Civ. 10.5, unless the parties agreed otherwise or Plaintiff requested leave from the Court.

Then, on February 12, 2016, Plaintiff filed a Motion to Extend Page Limits and Deadlines Set Forth in the Court's February 4, 2016, Memorandum Opinion and Order (Motion for Extension).  (Doc. 192).  On February 15, 2016, Defendants responded and Plaintiff replied on February 17, 2016.  (Docs. 193 and 194).  On February 18, 2016, Plaintiff filed an Amended Response to Defendants' Partial Motion for Summary Judgment in order to comply with the Court's deadline set within the February 4, 2016, Memorandum Opinion and Order (Plaintiff's First Amended Response).  *See* (Doc. 197).

On February 25, 2016, the Court held a telephonic hearing on Plaintiff's Motion for Extension.  Esteban Aguilar, Jr. and Ryan Villa, counsel for Plaintiff, and Patricia Williams,

---

[3] D.N.M.LR-Civ. 56.1(b) states, in relevant part, that a non-movant—in the response brief—"may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion.  Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies."

counsel for Defendants attended the hearing telephonically. At the hearing, Plaintiff requested three additional pages for the amended response. Hr'g Tr. 3–4.[4] The Court granted Plaintiff's request. (Doc. 199) at 1. Plaintiff then requested an extended exhibit page limitation; specifically, to resubmit all of the exhibits that were attached to Plaintiff's First Response.[5] *Id.* at 4–5. Plaintiff argued that the forty-two exhibits—now totaling two-hundred and sixteen pages—were material to disprove Defendants' qualified immunity claims. *Id.* at 6–7. Plaintiff further explained that her affidavit cited to each of the forty-two exhibits, and, requested to attach the forty-two exhibits to corroborate her statements. *Id.* at 14–15. The Court denied Plaintiff's request with respect to the exhibit page limitation. (Doc. 199) at 1. The Court held, however, that it "may reconsider Plaintiff's Motion in regard to the exhibit page limitation in the event evidence corroborating, clarifying, and/or illuminating Plaintiff's affidavit were necessary for the Court's analysis." *Id.* at 2.

On March 3, 2016, Plaintiff filed a Second Amended Response to Defendants' Partial Motion for Summary Judgment. (Doc. 200). Plaintiff attached to the Second Amended Response the identical thirteen-page single spaced affidavit, which cites the forty-two exhibits discussed at the February 25, 2016, hearing. (Doc. 200-1) at 1–13. Plaintiff also attached an alleged sworn statement by Danny Garcia, (Doc. 200-1) at 14–24; an alleged email correspondence between Defendant Sue Neal and Defendant Elizabeth Paiz, (Doc. 200-1) at 25; and the expert report of Ginger S. McRae, Esq., SPHR (Ms. McRae) of Employment Practices Solutions, Inc., (Doc. 200-1) at 26–48. Defendants filed a reply on March 15, 2016. (Doc. 201). Contemporaneously, Defendants filed the instant motion——Defendants' Second Motion to

---

[4] The Court's citation to the hearing transcript refers to the court reporter's original unedited version. Any final transcript may contain slightly different page and/or line numbers.

[5] It is noteworthy that Plaintiff requested to attach 216 pages of exhibits to her Second Amended Response, approximately 15 pages more than her First Response.

Strike Plaintiff's Second Amended Response. (Doc. 202).

C. *Discussion*

    1. *Defendants' Second Motion to Strike*

Defendants seek to strike Plaintiff's affidavit for lack of personal knowledge and, in addition, strike all supporting documents as inadmissible. Defendants vaguely contend that Plaintiff's fifty-two (52) assertions are replete with inadmissible hearsay, double hearsay, and are irrelevant to the material facts at hand. Defendants, nevertheless, have failed to provide this Court any guidance as to the specific deficiencies of each assertion. Rather, Defendants merely state that assertion number three (3), seven (7), twenty-seven (27), and twenty-eight (28) reference Plaintiff's "unconfirmed thoughts and beliefs," or are "hearsay," and assertion number forty-six (46) relies on newspaper articles—all of which are inadmissible.[6]

An affidavit used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Under the personal knowledge standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (internal quotation and citation omitted). Furthermore, statements of mere belief must be disregarded in a summary judgment affidavit. *Id.* Accordingly, courts must generally overlook inadmissible statements contained in a summary judgment affidavit, for example hearsay statements, as such "statements could not be presented

---

[6] Defendants, for the first time, raise a specific issue with assertion number seven (7) in the reply brief. Having accepted Defendants' reply brief, the Court will not rely on Defendants' new arguments or material. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (after accepting a reply brief with new legal arguments or material, the court may either allow a surreply or refrain from relying on the material within the reply); *see also Doebele v. Spring/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (applying *Beaird* holding to either new material or new legal arguments).

at trial in any form." *Id.* at 1199; *see also Hansen v. PT Bank Negara Indonesia (Persero)*, 706 F.3d 1244, 1250 (10th Cir. 2013) (nothing that '[a]lthough affidavits are entirely proper on summary judgment, the content or substance of the evidence contained therein must be admissible."). To enforce this rule, courts ordinarily do not strike affidavits, but simply disregard those portions that are not shown to be based upon personal knowledge or do not otherwise comply with Rule 56(c). *Stevens v. Water Dist. One of Johnson Cty.*, 561 F. Supp. 2d 1224, 1231 (D. Kan. 2008).

In this matter, Plaintiff's summary judgment affidavit contains inadmissible hearsay statements, including double hearsay. For instance, Plaintiff asserts that Defendant Kevin Gagne stated "we got f*****, we had to take a skirt" and "we don't want her." (Doc. 200-1) at 2, ¶ 3.[7] Plaintiff's assertion relies upon an alleged statement by Defendant Kevin Gagne to an unidentified third party. A third party's description of what may have occurred and what was possibly said is not suitable for summary judgment. *See Thomas v. Int'l Business Machines*, 48 F.3d 478, 485 (10th Cir. 1995). Plaintiff's summary judgment affidavit also cites newspaper and online blog articles. *See* (Doc. 200-1) at 4 ¶ 16, 12 ¶ 46. Newspaper and magazine articles and reports or other media are, generally, inadmissible hearsay. *See New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650–51 (10th Cir. 1989) (finding newspaper articles inadmissible hearsay and not admissible under opposing party admission or residual exception); *see also Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 805 F. Supp. 2d 1145, 1154 n.7 (D.N.M. 2011). Absent a showing of admissibility, Plaintiff may not rely on hearsay to oppose summary judgment. Consequently, the Court will not consider the aforementioned inadmissible hearsay to create a triable issue of fact. Because the Court may ignore the inadmissible hearsay within

---

[7] In the reply brief, Defendants bring forth new arguments regarding other portions of assertion number three (3). The Court will refrain from relying on Defendants' new arguments. *See Beaird*, 145 F.3d at 1164; *see also Doebele*, 342 F.3d at 1139 n.13.

Plaintiff's affidavit, the Court need not grant Defendants' Motion to Strike.  *See Stevens*, 561 F. Supp. 2d at 1231.  Hence, Defendants' Motion to Strike is denied.

Next, Defendants argue that Plaintiff's submission of Ms. McRae's expert report is inadmissible because the report relies upon hearsay.  Federal Rule of Civil Procedure 56(c)(1)(A) permits the non-moving party to demonstrate a genuinely disputed material fact with documents and other materials.  In accordance with this rule, the non-moving party may submit an expert report to oppose summary judgment.  Unlike Plaintiff's affidavit statements, an expert's report and findings may be based on inadmissible evidence—including hearsay—"[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion." Fed. R. Evid. 703.  Defendants, however, do not object to the expert report on this basis.  Defendants' objection is limited to the fact that Ms. McRae reviewed "documents and material" that contain hearsay.  *See* (Doc. 202) at 9.  Defendants' contention is without merit.

Defendants also attack Ms. McRae's report, contending that it states legal conclusions.  Federal Rule of Evidence "704(a) allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact.  An expert may not state legal conclusions by applying the law to the facts, but an expert may . . . refer to the law in expressing his or her opinion." *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008).  Thus, "[a]lthough the role of a witness is to produce factual testimony, a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *United States v. Oles*, 994 F.2d 1519, 1523 (10th Cir. 1993) (quotation and citation omitted).

Here, Defendants cite the following statement from Ms. McRae's expert report in support of their contention:

7

> Defendants failed to utilize a nondiscrimination policy that was consistent with generally accepted human resource practices, [to] follow the policies the City did have in place, and failed to adhere to generally accepted human resource practices to respond to Plaintiff's complaints and take steps to protect from retaliation employees who bring forward concerns under the City's policies.

(Doc. 200-1) at 29. Nowhere in the above statement does Ms. McRae apply the law—Plaintiff's federal or state law claims—to the facts. *See E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007) (citation omitted) (elements of Title VII gender discrimination claim, generally, are: (1) plaintiff belongs to protected class; (2) plaintiff suffered adverse employment action; and (3) challenged action took place under circumstances giving rise to inference of discrimination); *see also Ocana v. Am. Furniture Co.*, 2004-NMSC-018 ¶ 33, 91 P.3d 58, 72 (citation omitted) (elements of prima facie retaliation case are: (1) plaintiff engaged in protected activity; (2) plaintiff suffered adverse employment action; and (3) causal connection between the two events). Ms. McRae's reference to a "nondiscrimination policy" or "retaliation" while expressing her opinion does not violate the Federal Rules. *Compare Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (finding expert testimony improperly included the ultimate principles of law governing the case). Therefore, the Court finds Defendants' Motion to Strike Ms. McRae's expert report is meritless and, denied accordingly.

Finally, Defendants argue that Plaintiff's affidavit exhibits are generally irrelevant to the material facts of the matter at hand. Defendants' motion addresses the affidavit exhibits only in generalities.[8] The Court will not entertain Defendants' broad and ambiguous contention. As a result, Defendants' Second Motion to Strike on the grounds of relevancy is denied.

### 2. *Plaintiff's Second Amended Response & Affidavit*

The Court, upon review of Plaintiff's Second Amended Response, finds that clarification

---

[8] Defendants, in the reply brief, raise new arguments against Plaintiff's supporting document, (Doc. 200-1) at 25. At this stage, the Court will not consider new arguments raised in the reply. *See Beaird*, 145 F.3d at 1164; *see also Doebele*, 342 F.3d at 1139 n.13.

is necessary to ensure the parties comply to the full extent with this Court's prior Orders. On February 4, 2016, this Court struck Plaintiff's First Response brief because the Court found that the brief failed to set forth additional material facts in accord with D.N.M.LR-Civ. 56.1(b). (Doc. 190) at 3–4. In the Second Amended Response, the Court notes that Plaintiff attempted to satisfy D.N.M.LR-Civ. 56.1(b) by listing each additional material fact in the brief. *See* (Doc. 200) at 2–9. Plaintiff's additional material facts in the Second Amended Response, however, merely recite the assertions within Plaintiff's affidavit. In turn, the affidavit cites corroborating exhibits.[9] Further, although Plaintiff's affidavit demonstrates some merit to her claims, the affidavit includes hearsay and assertions where Plaintiff does not have personal knowledge. As a result, the Second Amended Response and supporting exhibits are rather difficult to follow. The Court, thus in the interest of justice, will allow Plaintiff to file a Third Amended Response brief and an amended affidavit. The Court emphasizes to Plaintiff that her affidavit must be made on her own personal knowledge, set out facts that would be admissible in evidence, and show that Plaintiff—herself— is competent to testify on the matters stated therein. *See* Fed. R. Civ. P. 56(c)(4). Accordingly, the Third Amended Response brief and the amended affidavit must adhere to D.N.M.LR-Civ. 56.1(b) and Fed. R. Civ. P. 56(c)(4).

Further, the Court finds that it is necessary to extend Plaintiff's exhibit page limitation in order for Plaintiff to submit evidence in the proper format. Plaintiff may not cite evidence in her affidavit. Instead, Plaintiff must cite relevant evidence after the corresponding additional material fact in the Third Amended Response. *See* D.N.M.LR-Civ. 56.1(b) (non-movant "must refer with particularity to those portions of the record upon which the non-movant relies"). Plaintiff's exhibit page limitation is, thus, extended to one-hundred (100) pages to accommodate

---

[9] Plaintiff did not cite the aforementioned exhibits within the Second Amended Response after the corresponding additional material facts.

9

any additional exhibits.  The Court will not entertain any extensions or motions to strike. Defendants may state any objections to Plaintiff's exhibits within their reply brief.

IT IS, THEREFORE, ORDERED that

1.  Defendants Raymond Schultz, William Roseman, Cecil Knox, David Hubbard, Robert Smith, J.R. Potter, and Kevin Gagne's Second Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment Based on Qualified Immunity and Memorandum in Support Thereof (Doc. 202) is denied;

2.  Plaintiff may file a Third Amended Response brief limited to twenty-pages (29) and an exhibit page limitation of one-hundred (100) pages within ten (10) days from the filing of this Order;

3.  Plaintiff may file an amended affidavit, which must comply with Fed. R. Civ. P. 56(c)(4), within ten (10) days from the filing of this Order;

4.  Defendants may file an amended reply brief no later than fourteen (14) days following the filing of Plaintiff's Third Amended Response.

_____
UNITED STATES DISTRICT JUDGE