IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                                Civ. No. 11-700 KG/SCY

CITY OF ALBQUERQUE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Plaintiff's Motion to Acknowledge Death of Cecil Knox and Substitute Proper Party in Interest (Motion to Substitute Proper Party), filed January 30, 2017. (Doc. 245). Pursuant to Fed. R. Civ. P. 25, Plaintiff filed a Suggestion of and Notice of Death of Cecil Knox on January 13, 2017, which states that Knox died in November 2014. (Doc. 238). Defendants filed a response on February 13, 2017, and Plaintiff filed a reply on March 1, 2017. (Docs. 255 and 261). Having reviewed the Motion to Substitute Proper Party, the Suggestion of and Notice of Death of Cecil Knox, and the accompanying briefing, the Court denies the Motion to Substitute Proper Party.

*Background*

      Plaintiff brought this lawsuit against Cecil Knox in both his individual and official capacities. (Doc. 88). Two claims remain against Knox: a Title VII claim (Count I of the Second Amended Complaint) and a New Mexico Human Rights Act claim (Count III of the Second Amended Complaint). Plaintiff does not clearly allege in what capacity she is bringing those claims against Knox. For the sake of deciding the Motion to Substitute Proper Party, the

Court assumes that Plaintiff brings those claims against Knox in both his individual and official capacities.

The parties acknowledge that Knox is deceased and that no personal representative was named for Knox's estate. In addition, the parties agree that Defendant City of Albuquerque is statutorily obligated to pay any judgment against Knox should he be found liable for actions he committed while acting within the scope of his duty. *See* NMSA 1978, § 41-4-4(D) (2015 Cum. Supp.) (governmental entity must pay "any final judgment entered against a public employee for" violating the laws of United States or New Mexico "while the public employee was acting within the scope of his duty.").

*Discussion*

Under Rule 25(a)(1), "the court may order substitution of the proper party" when a party dies. When a defendant is sued in his or her individual capacity, the proper party for substitution upon death is either the successor of the deceased defendant or the representative of the deceased defendant's estate. *See, e.g., Swiggett v. Coombe*, 2003 WL 174311, at *2 (S.D.N.Y.) (acknowledging in 42 U.S.C. § 1983 context "that when a defendant in a § 1983 action dies, who has been sued in his individual capacity, the proper party to substitute is the successor of the deceased or the representative of his estate."). In this case, a proper party for substitution of Knox in his personal capacity does not exist because there is no successor for Knox or a representative of his estate.

As the district judge in *Richards v. Marshall* aptly stated, "It may seem all but tautological, but it must be noted that for a party to be substituted with another, there must be some other identifiable person or entity that will step into the shoes of the former party." *Richards v. Marshall*, 2013 WL 3992527, at *1 (D.V.I.) (citations omitted). The judge in

*Marshall* then denied the motion to substitute party after concluding that "[a]bsent any indication of who might be substituted for [Plaintiff] Sutton, it would appear that this motion is premature." *Id.* at *2.  See also *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012) ("A proper party under Rule 25 must be a legal representative of the deceased," not the estate) (quoting *J.K. v. Springville-Griffith Inst. C. Sch. Dist. Bd. of Educ.*, 2005 WL 711886, at *5 (W.D. N.Y.)).  This Court similarly concludes that the Motion for Substitution of Proper Party is premature with respect to the lawsuit against Knox in his personal capacity.

Assuming, without deciding, that Knox was a "public officer" for the purpose of the official capacity claims, Rule 25(d) states that when "a public officer who is a party in an official capacity dies," that "officer's successor is automatically substituted as a party."  In that situation, "[t]he court may order substitution at any time, but the absence of such an order does not affect the substitution."  Not knowing who Knox's successor is, the Court cannot order a substitution under Rule 25(d).  Nonetheless, if Knox was a public officer, his successor is automatically substituted as a defendant with regard to the official capacity claims brought against Knox.

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Acknowledge Death of Cecil Knox and Substitute Proper Party in Interest (Doc. 245).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE