IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.   Civ. No. 11-700 KG/SCY

CITY OF ALBUQUERQUE, a New Mexico
Municipality; RAYMOND SCHULTZ,
ELIZABETH PAIZ, WILLIAM ROSEMAN, JOSEPH
HUDSON, DAVID HUBBARD, ROBERT SMITH,
CECIL KNOX, J. R. POTTER, KEVIN GAGNE, SUE
NEAL, and JOHN DOES I-V, Individually and as
agents and employees of the City of Albuquerque,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Individual Defendants[1] [sic] Motion for Summary Judgment Addressing Counts I, III, and IV and Memorandum in Support Thereof (Motion for Summary Judgment), filed on November 30, 2016. (Doc. 232). Plaintiff filed a response on January 20, 2017, and Individual Defendants filed a reply on February 10, 2017. (Docs. 243 and 251). Having reviewed and considered the Motion for Summary Judgment and the accompanying briefing, the Court denies the Motion for Summary Judgment in part and grants it in part.

---

[1] The Individual Defendants are Defendants Raymond Schultz, Elizabeth Paiz, William Roseman, Joseph Hudson, David Hubbard, Robert Smith, Cecil Knox (deceased), J.R. Potter, Kevin Gagne, and Sue Neal.

*A. Background*

   *1. The Second Amended Complaint (Doc. 88): Counts I, III and IV*[2]

Count I asserts Title VII claims for gender discrimination and retaliation. Plaintiff alleges in Title VII that Defendant City of Albuquerque (City) employed Defendants Schultz, Paiz, Roseman, Hudson, Hubbard, Smith, Knox, and Gagne, who "at all times material to the allegations in this complaint were acting in their supervisory capacity." (Doc. 88) at ¶ 93. Plaintiff further alleges that these supervisory Defendants along with Defendant Potter subjected Plaintiff to discriminatory employment practices. *Id.* at ¶ 94.

Count III asserts New Mexico Human Rights Act (NMHRA) gender discrimination and retaliation claims against the City as Plaintiff's employer. *Id.* at ¶ 111. Plaintiff alleges that the City acted through the Individual Defendants. *Id.* at ¶ 112.

Count IV also asserts NMRHA claims. This time, Plaintiff specifically brings NMHRA gender discrimination and retaliation claims against all of the Individual Defendants. *Id.* at ¶ 119. The Court notes that the Count IV claims against Defendants Paiz, Roseman, Knox, and Neal have since been dismissed. (Doc. 258). Consequently, only the Count IV NMHRA claims against Defendants Schultz, Hudson, Hubbard, Smith, Potter, and Gagne remain.

   *2. Undisputed Relevant Evidence*

The Individual Defendants contend that they are entitled to summary judgment on Counts I, III, and IV because Plaintiff failed to exhaust administrative remedies as to her Title VII and NMHRA claims. The Individual Defendants specifically argue that Plaintiff did not exhaust administrative remedies with respect to an August 24, 2009, Charge of Discrimination and a

---

[2] Because this Motion for Summary Judgment addresses only Counts I, III, and IV of the Second Amended Complaint as they relate to the Individual Defendants, the Court only summarizes those portions of the Second Amended Complaint.

March 9, 2011, Charge of Discrimination.  Plaintiff claims that she filed a total of four Charges of Discrimination, but only includes in her response one additional Charge of Discrimination, dated February 21, 2012.  Considering this situation, the Court will address the issue of exhaustion of administrative remedies as it relates to the August 2009, March 2011, and February 2012 Charges of Discrimination.

*a. The August 2009 Charge of Discrimination*

On August 24, 2009, Plaintiff submitted a Charge of Discrimination to the Equal Employment Opportunity Commission (EEOC) office, which names the Albuquerque Police Department (APD), Plaintiff's employer, as the discriminating party and includes APD's address.  (Doc. 232-1) at 1.  Plaintiff alleges gender discrimination and retaliation in violation of Title VII.  *Id.*

The Court notes that the section of the Charge of Discrimination form asking for the name of the discriminating party lists "Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" as choices for a discriminating party.  *Id.*  That section of the Charge of Discrimination does not state that a charging party can name a "person" as a discriminating party.

The "PARTICULARS" or narrative section of the August 2009 Charge of Discrimination form does not mention any of the Individual Defendants by name, but Plaintiff submitted a 17-page attachment which specifically names Defendants Hudson, Hubbard, Smith, Potter, and Gagne and describes their purported actions toward Plaintiff.  *Id.*; (Doc. 243-1) at 1-19.  The Charge of Discrimination further notes that the discrimination is continuing, beginning on February 1, 2005, and going through August 24, 2009.  (Doc. 232-1) at 1.

3

Plaintiff later mentions in the February 2012 Charge of Discrimination that the EEOC issued a cause finding on the August 2009 Charge of Discrimination. (Doc. 243-1) at 20. Plaintiff, however, did not submit that EEOC determination.

### b. The March 2011 Charge of Discrimination

On March 9, 2011, Plaintiff filed another Charge of Discrimination with the EEOC naming the City as the discriminating party and including the City's address. (Doc. 232-1) at 2. Plaintiff alleges continuing retaliation from October 12, 2010, to March 7, 2011, in violation of Title VII. *Id.* The March 2011 Charge of Discrimination form, like the August 2009 form, does not indicate that a charging party can name a person as a discriminating party. *Id.* The PARTICULARS section does not mention any of the Individual Defendants by name. *Id.*

### c. The February 2012 Charge of Discrimination

On February 21, 2012, Plaintiff filed a third Charge of Discrimination with the EEOC using the same Charge of Discrimination form as before, which does not indicate that a charging party can name a person as a discriminating party. Plaintiff names the City and APD as discriminating parties and includes an address for them. (Doc. 243-1) at 20. Plaintiff alleges continuing retaliation from October 1, 2011, to February 9, 2012, in violation of Title VII. *Id.*

The PARTICULARS section of the Charge of Discrimination mentions Defendants Schultz and Hubbard and describes their actions with respect to Plaintiff. *Id.* at 20-21. As stated above, Plaintiff refers to the August 2009 Charge of Discrimination and the ensuing EEOC cause finding. In addition, Plaintiff refers to the March 2011 Charge of Discrimination but does not state whether there was any EEOC determination relating to that Charge of Discrimination. In December 2012, after Plaintiff filed this lawsuit, the New Mexico Human Rights Bureau issued

an Order of Non-Determination with respect to the February 2012 Charge of Discrimination. (Doc. 243-2).

B. *Standard of Review*

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A dispute over a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

C. *Discussion*

1. *Counts I and III: Title VII and NMHRA Claims*

Plaintiff clarifies that she is not bringing Counts I or III against any of the Individual Defendants. (Doc. 243) at 3 ("Plaintiff did not name any individual Defendants in Count I."); *id.* at 6 ("In Count III, Plaintiff only named the City of Albuquerque…."). Consequently, the Court denies the Motion for Summary Judgment as to Counts I and III as moot.

2. *Count IV: NMHRA Claims*

"Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party." *Sonntag v. Shaw*, 2001-NMSC-015, ¶ 13, 130 N.M. 238. In other words, a district court does not have jurisdiction over

an NMHRA claim until the plaintiff exhausts administrative remedies. *Kruskal v. Melliger*, 2015 WL 4380377, at ¶ 2 (N.M. Ct. App.), *cert. denied,* 2015-NMCERT-007, 368 P.3d 1 (acknowledging "that the district court does not have jurisdiction of a NMHRA matter until Plaintiff has exercised the administrative remedies available to him under the NMHRA.").

The NMHRA creates a cause of action against persons[3] as well as against employers or agencies. *Sonntag*, 2001-NMSC-015 at ¶ 13 (rejecting "the proposition that there can exist no individual liability under the NMHRA….") (citing NMSA 1978, § 28-1-7 (I) and 28-1-2(A) (2012 Repl. Pamp.)). To exhaust administrative remedies as to a person, the plaintiff must specifically name the person as a discriminating party and provide an address for that person in the Charge of Discrimination. *Lobato v. State Env't Dep't*, 2012-NMSC-002, ¶ 8, 267 P.3d 65 ("any person reporting unlawful discrimination must 'file with the human rights division of the labor department a written complaint that *shall state the name and address of the person* alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required.' Section 28–1–10(A) (emphasis added)."). However, the Charge of Discrimination form Plaintiff used "instructs filers to report only the employer or agency involved but does not instruct filers to report the 'person' involved. Asking a filer to state the 'PARTICULARS' of a claim does not overcome this defect, as an open-ended request to state the 'PARTICULARS' does not alert the filer to the requirement that the filer must also provide the names and addresses of the individuals involved." *Id.* at ¶ 9. The New Mexico Supreme Court found that this Charge of Discrimination form "creates a trap for unwary claimants to forfeit their statutory and judicial remedies" by failing "to provide a fair and adequate opportunity to exhaust administrative remedies against individual defendants as

---

[3] The plain language of the NMHRA refers to a "person" and makes no distinction between supervisors or co-employees.

6

required by the NMHRA." *Id.* at ¶ 10.  To overcome the shortcomings of this Charge of Discrimination form, the New Mexico Supreme Court held that if a plaintiff's lawsuit arises out of the incidents reported in the Charge of Discrimination, thereby providing the defendants with "at least constructive notice of their alleged involvement" in the "allegations during any prior administrative proceedings," then "in these limited circumstances the requisite administrative exhaustion of the NMHRA should not be required in order for Plaintiff to pursue his judicial remedies under the statute." *Id.* at ¶ 14.

This Court has held that the New Mexico Supreme Court's reference to "unwary claimants" and "limited circumstances" describes a situation where a plaintiff files a Charge of Discrimination without advice of counsel and unwittingly fails to name an individual defendant in the section of the Charge of Discrimination that asks for the name of the discriminating employer or entity.  *Muffoletto v. Christus St. Vincent Reg'l Med. Ctr.*, 157 F. Supp. 3d 1107, 1114 (D.N.M. 2015) (holding that circumstances addressed by New Mexico Supreme Court did not exist in that case because plaintiff consulted with attorney before signing and submitting Charge of Discrimination form so that plaintiff was not "unwary.").  The Court also noted that "the website for the state agency states that 'Effective March 1, 2010, parties represented by counsel will be expected to prepare their own FORMS for initiating a Human Rights Claim.  Parties who are not represented by an attorney should contact the Human Rights Bureau for assistance in completing the necessary paperwork to file a complaint.'"  *Id.* at 1114-15 (citation omitted).  The Court held that since the plaintiff in that case

> was represented by an attorney at the time she submitted her Charge of Discrimination, she failed to comply with the expectations of the agency and, therefore, should not now be allowed to complain about deficiencies in the form.  At the very least, she should have consulted with the agency prior to filing her Charge of Discrimination on the form provided online, as requested on the website.

*Id.* at 1115.

In addition to naming a person as a discrimination party in a Charge of Discrimination, whether in the applicable section or in the text, if appropriate, an aggrieved plaintiff must obtain an order from the Human Rights Commission to proceed to an appeal in a district court and, thus, fully exhaust administrative remedies. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 17, 127 N.M. 282 ("timely filing of a notice of appeal from *an NMHRA administrative order* is 'effective to give the district court jurisdiction to try the case de novo' under Section 28-1-13.") (emphasis added)). One such order is an order of nondetermination. "An order of nondetermination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedures and may proceed to court." *Id.* at ¶ 16. Obtaining an order of nondetermination after filing a district court case is sufficient to exhaust administrative remedies. *Id.* at ¶ 21 (agreeing with contention that orders of nondetermination issued after filing of district court complaint exhausted administrative remedies).

### a. The August 2009 Charge of Discrimination

Even assuming Plaintiff properly named Defendants Hudson, Hubbard, Smith, Potter, and Gagne as discriminating parties in the narrative attached to the August 2009 Charge of Discrimination, Plaintiff has not provided evidence that she obtained an order of nondetermination, or any other order, whether from the EEOC or the Human Rights Commission, with respect to the August 2009 Charge of Discrimination. Without such an order, the Court cannot find that Plaintiff exhausted her administrative remedies as to the claims made against Defendants Hudson, Hubbard, Smith, Potter, and Gagne in the August 2009 Charge of Discrimination. For the aforementioned reasons, the Court lacks subject matter jurisdiction over any Count IV claims against Defendants Hudson, Hubbard, Smith, Potter, and Gagne which may

arise from the August 2009 Charge of Discrimination. Accordingly, summary judgment is appropriate as to those claims.

### b. The March 2011 Charge of Discrimination

Plaintiff does not name, at all, Defendants Schultz, Hudson, Hubbard, Smith, Potter, or Gagne in the March 2011 Charge of Discrimination, including in the PARTICULARS section. In addition, like the August 2009 Charge of Discrimination, Plaintiff has not provided an order of nondetermination, or any other order, from which she could appeal to the district court. The Court, thus, cannot find that Plaintiff exhausted any potential claims against Defendants Schultz, Hudson, Hubbard, Smith, Potter, or Gagne with respect to the March 2011 Charge of Discrimination. Hence, the Court lacks subject matter jurisdiction over Count IV claims against Defendants Schultz, Hudson, Hubbard, Smith, Potter, or Gagne possibly arising from the March 2011 Charge of Discrimination. Summary judgment is also appropriate as to those claims.

### c. The February 2012 Charge of Discrimination

Unlike the previous Charges of Discrimination, Plaintiff did obtain an order of nondetermination with respect to the February 2012 Charge of Discrimination. Plaintiff, however, does not name Defendants Schultz and Hubbard as discriminating parties in the appropriate section requesting the names and addresses of discriminating parties. Instead, Plaintiff names Defendants Schultz and Hubbard in the PARTICULARS section.

The Court observes that the February 2012 Charge of Discrimination does not specifically notify Plaintiff that she can name persons as discriminating parties. There is also no evidence, one way or the other, to suggest that Plaintiff had counsel when she filled out the February 2012 Charge of Discrimination. Moreover, the Court cannot determine whether Plaintiff obtained the Charge of Discrimination form from the Human Rights Bureau website

which would have directed her to consult with the agency prior to filing her Charge of Discrimination.  A genuine issue of material fact, therefore, exists as to whether Plaintiff was an "unwary claimant" who not need specifically name Defendants Schultz and Hubbard as discriminating parties in the section of the Charge of Discrimination asking for the names and addresses of discriminating parties.  Consequently, the Court cannot, at this time, grant summary judgment as to the Count IV claims against Defendants Schultz and Hubbard raised in the February 2012 Charge of Discrimination.

IT IS ORDERED that Individual Defendants [sic] Motion for Summary Judgment Addressing Counts I, III, and IV and Memorandum in Support (Doc. 232) is denied in part and granted in part in that

1. the Motion for Summary Judgment is denied as moot with respect to the Counts I and III claims which mention the Individual Defendants;

2. summary judgment is granted as to the Count IV claims against Defendants Hudson, Hubbard, Smith, Potter, and Gagne which arise from the August 2009 Charge of Discrimination;

3. summary judgment is granted as to the Count IV claims against Defendants Schultz, Hudson, Hubbard, Smith, Potter, and Gagne which arise from the March 2011Charge of Discrimination;

4. those Count IV claims will be dismissed without prejudice; and

5. the Motion for Summary Judgment is denied without prejudice as to the Count IV claims against Defendants Schultz and Hubbard which arise from the February 2012 Charge of Discrimination.

_____
UNITED STATES DISTRICT JUDGE