**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TERYSA M. WELCH,

        Plaintiff,

v.                                                         No. 1:11-cv-00700 KG-SCY

CITY OF ALBUQUERQUE,
a New Mexico Municipality, et al.,

        Defendants.

**DEFENDANTS' MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO EXCLUDE
ADMISSION OF EEOC AND/OR NEW MEXICO HUMAN RIGHTS BUREAU
DOCUMENTS**

      Defendants City of Albuquerque, Raymond Schultz and David Hubbard (collectively "Defendants") submit this motion *in limine* for entry of an order prohibiting Plaintiff and her attorneys from seeking to admit materials created in or referencing the Equal Employment Opportunity Commission ("EEOC") and/or the New Mexico Human Rights Bureau ("HRB"). The findings and determinations of the EEOC and HRB, recordings and transcripts of recordings done in the EEOC/HRB investigation (collectively "EEOC Documents") and any testimony or documents related to the EEOC Documents or the investigation are not admissible to prove a violation of any statute or procedure and use of the EEOC Documents is likely to mislead the jury and will unfairly prejudice Defendants. Pursuant to D.N.M.LR-Civ.7-1, concurrence of the Plaintiff was sought and denied.

                              **I.     LEGAL STANDARD**

      Motions *in limine* help to streamline a case, because such motions enable a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial. INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 303 (1996);

*see* Adams v. NVR Homes, Inc., 141 F. Supp. 2d 554, 558 (D. Md. 2001).  Such rulings are preliminary and are made in the discretion of the court to assist counsel in preparation for trial.  United States v. Luce, 713 F.2d 1236, 1239-40 (6th Cir. 1983).

"The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence."  Train v. City of Albuquerque, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009) (*citing* Fed. R. Evid. 401, 402, 403).  "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  United States v. Gutierrez-Castro, No. CR 10-2072 JB, 2011 WL 3503321, at *3 (D.N.M. Aug. 6, 2011) (*citing* Fed. R. Evid. 401).  "The standard for relevancy is particularly loose under rule 401, because '[a]ny more stringent requirement is unworkable and unrealistic.'"  United States v. Ganadonegro, 854 F. Supp. 2d 1088, 1127 87 Fed. R. Evid. Serv. 896 (D.N.M. 2012) (*quoting* Fed. R. Evid. 401 advisory committee's note).  Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

Rule 403, Fed. R. Evid., provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Under Rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice.  *See* United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989).  In this case, the EEOC Documents are not admissible to prove a violation of any statute or procedure.  Admission of the EEOC Documents or testimony

regarding them invades the purview of the jury, as to the ultimate fact they are charged to decide, and is likely to mislead the jury and will unfairly prejudice Defendants.

## II.  POINTS AND AUTHORITIES

### A.  The Court Should Exclude the EEOC Documents and Documents that Reference Them.

Plaintiff has identified EEOC Documents as potential exhibits.  Plaintiff's Proposed Exhibits 5, 9, 10, 76, 81, 89, 112 and 125.  Plaintiff's Proposed Exhibits 29, 66, 67, 68, 69, 70, 118, 119, 120, 121, 122, 123, 124 and 132 reference EEOC Documents and should also be excluded.[1]

All of the EEOC Documents and testimony and other documents regarding them should be excluded because of the probability of jury confusion; inherent issues with the documents themselves including lack of a factual basis, lack of attribution to other documents or witnesses, the conclusory nature of the documents, difference of standards of proof between administrative and judicial proceedings, that the EEOC is not a quasi-judicial body, the time it would take for Defendants to point out problems in the EEOC investigation and disprove the EEOC/HRB findings and determinations; and the fact that there will be contradictory evidence regarding them.  The Court should exercise its discretion and exclude the EEOC Documents from the trial.

First, when facing a finding of an administrative agency against or in favor of any party, the jury is in danger of adopting an administrative agency's earlier conclusions instead of reviewing the evidence before them, or become confused by additional illusory issues.  *See* Ram v. New Mexico Dep't of Env't, No. CIV 05-1083 JB/WPL, 2006 WL 4079622, at *3 (D.N.M.

---

[1] Defendants have not attached Plaintiff's Proposed Exhibits as exhibits to this Motion because they are voluminous and have not been filed.  Should the Court request Plaintiff's Proposed Exhibits to aid in deciding this Motion, Defendants are happy to provide copies to chambers for the Court's convenience.  If the Court requires they be filed, Defendants propose they are filed under seal.

Dec. 11, 2006). In <u>Rambus, Inc. v. Infineon Techs. AG</u>, 222 F.R.D. 101 (E.D. Va. 2004), a Federal Trade Commission ALJ concluded, in a separate enforcement proceeding, that the defendant did not engage in unlawful anticompetitive conduct. *See Id*. at 104. The private plaintiff moved to exclude the ALJ's decision, arguing that the defendant would make it a "central focus of its trial presentation." *Id*. at 104. The Court excluded the ALJ's decision, based in part on Rule 403. *See Id*. at 109.

> In this case, even though the Initial Report is relevant to several issues in this litigation, it must be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice and its tendency to mislead the jury, confuse the issues, and waste time.

*Id*. at 110. The Court determined that the jury would give the ALJ's findings undue weight, that its presence would mislead the jury by introducing new issues, and that it would be impossible to use excerpts to introduce only the relevant facts. *See Id*. at 110-11; *see also* <u>Lewis v. City of Chicago</u>, 563 F. Supp. 2d 905, 920 (N.D. Ill. 2008) (The EEOC finding created an undue risk of confusion in that the jury might simply adopt the result of the internal investigation rather than come to its own conclusion after hearing all the evidence.); <u>Coleman v. Home Depot, Inc.</u>, 306 F.3d 1333, 1344-45 (3d Cir. 2002) (EEOC findings are not *per se* admissible and district courts have discretion to exclude them on a case-by-case basis.). Here, if the Court permits Plaintiff to introduce the findings of the EEOC or HRB, there is a substantial concern that the jury will simply accept those findings, without listening to and deciding on the basis of the evidence presented for itself. When examining the merits, the district court may not give preclusive effect to an EEOC finding, even when recognizing the EEOC's expertise because a district court must make an independent determination of whether a discrimination claim has merit. <u>Castner v. Colorado Springs Cablevision</u>, 979 F.2d 1417, 1422 (10th Cir. 1992).

Second, the Third Circuit upheld the District Court's exclusion of the EEOC findings in Coleman, explaining: "Here that proof value could be said to be low, given the fact that it would have been introduced to the jury after all the evidence had been offered (which evidence was at odds with the EEOC report), and was more conclusory than factual in nature." Coleman, 306 F.3d at 1345. Here, that same concern is genuine: Defendants will produce evidence at trial that directly contradicts the EEOC/HRB determinations and findings. The jury will become confused about the contradiction. The Court should exclude this evidence to prevent that confusion.

Third, in Chandler v. Roudebush, 425 U.S. 840, 845-47 (1976), although the Supreme Court determined that EEOC findings are admissible under hearsay Rule 803(8)(C) in a federal trial, the Court did not limit the discretion of the trial judge to consider whether the report, nevertheless, should be excluded, "If sufficient negative factors are present." Notes of the Advisory Committee on the proposed rules under Rule 803(8)(C). The factors to be considered include: 1) whether the report itself presents a danger of unfair prejudice to the defendant, 2) whether time spent during the trial will be unduly lengthened if the report is admitted and the defendant must introduce evidence to expose the weaknesses in the report, thus unduly adding to the length of the trial, 3) what factual basis is stated in the report for both the findings and the conclusions in the EEOC report 4) whether those factual supports are borne out by the record before the EEOC, and 5) whether the report is conclusory in nature or reflects ample detail and a fair summary of the detail of relevant facts pertaining to the charge. *See* Coleman v. Home Depot, Inc., 306 F.3d at 1341. The Court in Coleman went on to find:

> The EEOC report in this case does not contain any footnotes or references to exactly what evidence is being relied upon. It simply states, "evidence reveals" or "evidence as a whole" or "based on the evidence of record." I have reviewed the report line by line in order to determine whether it should be excluded or admitted

>in whole or in part. I conclude that it must be excluded in whole, that it cannot be redacted or admitted in its entirety without creating the very danger of unfair prejudice and confusion which Rule 403 requires the Court to avoid in making discretionary evidentiary rulings.

*Id*.

Also in Coleman, the Court found other factors relevant based on Rule 803:

>Factors which may be of assistance in passing upon the admissibility of evaluative reports include: (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held and the level at which conducted; (4) possible motivation problems.... Others no doubt could be added.

*Id*. at 1342.

These factors, too, support exclusion of the EEOC Documents in this case. First, Plaintiff filed her first charge on August 24, 2009; the determination was issued on December 14, 2010. She filed a new charge on March 9, 2011; the determination was issued on March 6, 2012. A lapse of one year is not timely. Second, in the EEOC Documents, there is no explanation of the credentials, skill or experience of the investigators so the jury will be unable to determine what weight should be given to the EEOC Documents. Third, no EEOC/HRB hearing was held in any of Plaintiff's charges. Fourth, there is no indication in the EEOC Documents of the motivation or reasoning of the investigators; thus, again, the jury has no basis for determining what, if any, weight, should be accorded to the EEOC Documents.

Courts have "previously held that letters, determinations, and decisions of other federal agencies -- specifically, the Human Rights Division, the Equal Employment Opportunity Commission, and Department of Justice were inadmissible because they lacked adequate indicia of reliability." DeSantis v. Napolitano, CIV 08-1205JB/KBM, 2010 WL 2292592, *23 (D.N.M. May 26, 2010) (Browning, J.) (*citing* Ram v. New Mexico Department of Environment, No. CIV

6

05-1083 JB/WPL, 2006 WL 4079622 (D.N.M. Dec.11, 2006)).  In excluding the reports in those cases, the Honorable James O. Browning relied, in part, upon the Tenth Circuit's decision in Denny v. Hutchinson Sales Corp., 649 F.2d 816, 821 (10th Cir. 1981).  One of the issues before the Tenth Circuit in the Denny case was whether the district court judge improperly excluded a report where there was a probable cause determination of the Colorado Civil Rights Commission in favor of the plaintiff.  *Id*. at 818.  In affirming the decision to exclude that report, the Tenth Circuit analyzed its admissibility under Fed. R. Evid. 803(8).  The Tenth Circuit noted that the rules of evidence allow a court to exclude reports if "the sources of information or other circumstances indicate lack of trustworthiness." *Id.* at 821.  The Court also cited to the Advisory Committee note to the rule which says:

> [T]hat the following factors could be of assistance in passing upon the admissibility of evaluative reports: the timeliness of the investigation; the special skill or experience of the investigator; whether a hearing was held and the level at which it was conducted; possible motivation problems suggested by Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943) (report prepared by defendant for purposes of litigation not a business record). Fed.R.Evid. 803(8), 28 U.S.C.A. (1975) Notes of the Advisory Committee.

Fourth, in Tuffa v. Flight Servs. & Sys., Inc., No. 15-1163 (10th Cir. 2016), p. 5, the appellate court held that the district court did not abuse its discretion in excluding the findings of the EEOC because the jury might be "overly influenced" by the EEOC report and the EEOC applied a different standard of proof than the standard to be applied by the jury.  In Tuffa, the Court stated:

> [I]ntroduction of the EEOC letter might have confused the jury because different standards and theories were involved in the EEOC proceedings and the jury trial. In the EEOC proceedings, the standard was "reasonable cause," but the jury had a different standard: "preponderance of the evidence." *See* Jury Inst. No. 2, Dkt. No. 86; *see also* note 5, below (discussing judicial notice of the proceedings in district court). In these circumstances, the jury would have needed to temper

7

> deference to the EEOC based on recognition that it applied a different burden of proof.
>
> The EEOC not only applied a different standard, but also considered different theories. The EEOC considered disparate impact, but in the trial the plaintiffs did not claim a disparate impact. Instead, they relied on a different theory: disparate treatment. *See J.V. v. Albuquerque Pub. Schs.*, ___ F.3d ___, 2016 WL 683282, at *7 (10th Cir. Feb. 19, 2016) ("Unlike a claim for disparate treatment, a claim for disparate impact doesn't require proof of intentional discrimination.") (internal quotation marks omitted)). Thus, if the EEOC letter had been introduced, the jury would have had to account for a difference in the claims.
>
> Ignoring differences in the standards and the claims, the plaintiffs argue that the EEOC's expertise would have helped the jury. That may be true. Even if it is, however, the difference in standards and claims could easily have led to confusion as the jury attempted to separate its own inquiry from the EEOC's.

*Id*. at p. 6 (*citations omitted*); *see also* Moore v. Devine, 767 F.2d 1541 (11th Cir. 1985) (a court is not obliged to refer to EEOC findings in its opinion and is certainly not required to address EEOC findings.).

This reasoning is consistent with Smith v. Universal Services, Inc., 454 F.2d 1541, 1551 (5th Cir.1972) modified on reh'g, 780 F.2d 1559, 1560, 1562-63 (11th Cir. 1986), in which the court stated:

> It is not to be denied that under Title VII, the action of the EEOC is not agency action of a quasi-judicial nature which determines the rights of the parties subject only to the possibility that the reviewing courts might conclude that the EEOC's actions are arbitrary, capricious or an abuse of discretion. Instead, the civil litigation at the district court level clearly takes on the character of a trial de novo, completely separate from the actions of the EEOC. It is thus clear that the report is in no sense binding on the district court and is to be given no more weight than any other testimony given at trial.

*Id.* at 157 (citations omitted); Silverman v. Bd. of Educ. of The City of Chicago, 637 F.3d 729, 733 (7th Cir., 2011) ("Whether an EEOC determination is in favor of a charging party or a respondent, a district judge or jury cannot evaluate the weight it deserves, if any, without

8

understanding what evidence was presented to the EEOC and whether that evidence is properly admissible in court").

### B. The EEOC Tapes and Transcripts are Not Reliable Evidence for Trial.

Plaintiff has had recordings of undated EEOC interviews transcribed. The transcriptions were not prepared by a certified court reporter, but by a "legal transcriber." The "Transcriber's Certificate" stated that the recordings were supplied by "Attorney Esteban Aguilar, Jr." Plaintiff's former attorney and the current City Attorney. *E.g. see* Exhibit A -- undated Doug West interview transcript, at p. 1. Plaintiff misleadingly includes the caption of the instant case on those transcripts, giving the impression that the tapes were done in this matter. They were not.

The interviewees were not represented by counsel, were not parties to the EEOC investigation, and were never provided an opportunity to review their testimony until years later in this lawsuit. The method of questioning and the topics discussed were inappropriate and objectionable, if counsel had been present. For example, the EEOC investigator asked for physical addresses and social security numbers that interviewees rightfully declined to provide. The EEOC investigator was critical that interviewees did not prepare for the interview, even though the EEOC did not give advance notice of what to expect in the interviews. *See* Ex. A, at pp. 20-21. The EEOC interviews were not depositions taken in this case. The indicia of reliability are poor and some portions appear to have been inaudible. The tapes and transcripts should be excluded because the jury could draw negative inferences from the witnesses' refusal to provide personal information and a perceived failure to prepare for the interviews to the

EEOC investigator's liking. Each interviewee can be called to trial, asked the questions in front of the jury and those questions and answers can be subject to cross-examination.

### III.    CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an order prohibiting Plaintiff and her attorneys from seeking to admit the EEOC Documents and any testimony or other documents related to the EEOC Documents or the EEOC investigation.

Respectfully submitted,

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

Electronically Filed

By    */s/ Patricia G. Williams*
    Patricia G. Williams
    Lorna M. Wiggins
Attorneys for Defendants
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
PWilliams@wwwlaw.us
LWiggins@wwwlaw.us

I HEREBY CERTIFY that on the 16th day of April, 2018,
we filed the foregoing electronically through the CM/ECF system,
which caused all parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Patricia G. Williams*
Patricia G. Williams