**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TERYSA M. WELCH,

               Plaintiff,

v.                                            No. 1:11-cv-00700 KG-SCY

CITY OF ALBUQUERQUE,
*a New Mexico Municipality, et al.,*

               Defendants.

**<u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>**

Defendants City of Albuquerque, Raymond Schultz and David Hubbard ("Defendants")

submits the following proposed jury instructions:

Joint Statement of the Case.

1.      Statement for Theory of Recovery and Factual Contentions and Affirmative

Defenses.

2.      Sexual Harassment - Hostile Work Environment Created by Supervisors.

3.      Sex Discrimination.

4.      Retaliation.

5.      Retaliation.

6.      Motivating Factor.

7.      Legitimate Nondiscriminatory Reason.

8.      Mere Belief is Not Enough.

9.      True Stated Reason.

10.      Honest Errors in Business Judgment Allowed.

11.      Gender Defined.

12.     Human Rights Act.

13.     Human Rights Act.

14.     Sexual Harassment.

15.     Human Rights Act – Elements (Defendant City).

16.     Human Rights Act – Elements (Defendant Schultz).

17.     Compensatory Damages.

18.     Punitive Damages.

Defendants' Proposed Special Verdict Form.

In addition to these proposed instructions, Defendants request the special and standard instructions from the Court's Standard Civil Jury Instructions identified in Plaintiff's Proposed Jury Instructions as Nos. 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 (if necessary), 20 (if necessary), 21, 22, 23, 24, 25, 26, 28, 30, 31, and 32.

Respectfully submitted,

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

*Electronically Filed*

By_____*/s/ Patricia G. Williams*_____
          Patricia G. Williams
          Lorna M. Wiggins
Attorneys for Defendants
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
PWilliams@wwwlaw.us
LWiggins@wwwlaw.us

2

I HEREBY CERTIFY that on the 16th day of April, 2018,
we filed the foregoing electronically through the CM/ECF system,
which caused all parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Patricia G. Williams*
Patricia G. Williams

## PROPOSED JOINT STATEMENT OF THE CASE

This is a civil lawsuit brought by the Plaintiff Terysa Welch against the Defendants City of Albuquerque, Raymond Schultz and David Hubbard.  Ms. Welch claims the City of Albuquerque violated her civil rights during her employment with the City as a detective police officer from _____ through 2012.  Ms. Welch claims the City violated Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act by subjecting her to sexual harassment from her supervisors and co-workers, discriminating against her on the basis of her sex, and retaliating against her for exercising her right to file a complaint with the EEOC.  Ms. Welch claims Mr. Schultz violated the New Mexico Human Rights Act when he required Ms. Welch to submit a written memo explaining why Ms. Welch should be permitted to take the November 1, 2011 Sergeant's exam. Ms. Welch claims Mr. Hubbard violated the New Mexico Human Rights Act when he sent Ms. Welch a letter advising her that she had been accused of purchasing alcohol while driving a City vehicle and reported her name to the New Mexico Law Enforcement Academy file.  She seeks damages for these claims for lost wages, loss of opportunity for job advancement, damage to reputation, emotional distress, loss of enjoyment of life and punitive damages.

Defendants deny what the Plaintiff says about sexual harassment, sexual discrimination and retaliation and denies Plaintiff's contentions. Ms. Welch must prove the City discriminated against her based on her sex or retaliated against her for exercising her right to file a complaint with the EEOC.  Defendants state they did not take any adverse employment action against Plaintiff and not a single term or condition of her employment changed for the worse during her

employment.   Defendants state Ms. Welch has not lost wages or opportunity for job advancement.  The Defendants state they did not subject Ms. Welch to unwelcome harassment or impose severe and pervasive conditions on her employment because of her sex.  The City states that after it learned that Ms. Welch's complaints about her coworkers, the City's response to her allegations was prompt and appropriate remedial action.  The conditions placed on Plaintiff's employment, if any, were the result of legitimate, non-discriminatory reasons, not her sex. Raymond Schultz and David Hubbard were in Plaintiff's chain of command.  Whether you agree with their decisions or not, every action Defendants each took was for a legitimate non-discriminatory reason and Plaintiff's sex was not a motivating decision in any decision they made.  The Defendants state they did not retaliate against Plaintiff.  Defendants state they had a legitimate business purpose for every action they took regarding Plaintiff.  Plaintiff can only try and prove that she is entitled to actual damages caused because a Defendants' impermissibly made employment decisions based on her sex under the New Mexico Human Rights Act. Defendants state they did not act maliciously, willfully, recklessly or wantonly and Ms. Welch is not entitled to punitive damages.

**DEFENDANTS' PROPOSED PRELIMINARY INSTRUCTION NO. 1 - STATEMENT FOR THEORY OF RECOVERY AND FACTUAL CONTENTIONS**

Plaintiff Terysa Welch has made claims against the City of Albuquerque for sexual harassment, discrimination based on sex, and retaliation for engaging in protected activity in violation of federal law, specifically Title VII of the 1964 Civil Rights Act.  This law allows a plaintiff who can prove her claims to recover money damages against her employer for sexual harassment, sex discrimination and retaliation for engaging in protected activity.  The actions of a supervisor are the actions of the employer, in this case, the City.  If Ms. Welch proves that the City acted maliciously, willfully, recklessly, wantonly or in bad faith, she may be entitled to an award of punitive damages.

Ms. Welch's claims arise from her employment as a detective for the Albuquerque Police Department in the Repeat Offender Project ("ROP") and thereafter. She has the burden to prove that she was subject to sexual harassment, sex discrimination and retaliation.  She makes a claim under Title VII against the City for being subjected to unwelcome harassment and that the City knew of the harassment and failed to take prompt or appropriate remedial action.  She claims that the harassment was based on her sex and that a reasonable person would find the harassment hostile or abusive and Ms. Welch perceived it to be so.   She alleges the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment.

Ms. Welch also makes a claim against the City under Title VII that she was subject to discrimination based on her sex.  She has the burden to prove the City discriminated against her based on her sex when the City disciplined her and retaliated against her. To succeed on this

claim, Ms. Welch must prove by a preponderance of evidence that her sex was a motivating factor in her discipline.

Ms. Welch makes a claim against the City under Title VII for retaliation by the City for engaging in protected activity. Specifically, Ms. Welch has the burden to prove that after she made a complaint about the sexual harassment and sex discrimination with the Equal Employment Opportunity Commission, known as the EEOC, she was disciplined because she filed a complaint.

For her claims under Title VII, Ms. Welch seeks monetary damages to compensate her for lost wages and benefits, damage to her reputation, emotional distress and loss of enjoyment of life. She also requests punitive damages against the City for its conduct, which she must prove was done maliciously, willfully, recklessly, wantonly or in bad faith.

Ms. Welch also makes a claim against the City and Raymond Schultz under the New Mexico Human Rights Act. An employer violates the Human Rights Act if it fails to promote, or discriminates in matters of compensation terms, conditions, or privileges of employment against a person based on sex. An employer also violates the Human Rights Act if it engages in any form of threat, retaliation, or discrimination against any person who has opposed any unlawful discriminatory practice or filed a complaint. Ms. Welch has the burden to prove the City violated the Human Rights Act by doing one or more of the following: disciplining Ms. Welch, failing to promote Ms. Welch, discriminating in matters of compensation terms, conditions, or privileges of employment against Ms. Welch, or threatening, retaliating, or discriminating against Ms. Welch for and filing a complaint. Ms. Welch has the burden to prove that sex was a

7

motivating factor in the City's actions.

Ms. Welch claims Mr. Schultz violated the New Mexico Human Rights Act when he required Ms. Welch to submit a written memo explaining why Ms. Welch should be permitted to take the November 1, 2011 Sergeant's exam and when he reported Ms. Welch's name to the New Mexico Law Enforcement Academy.

Ms. Welch is asking you to award compensatory damages for these claims including lost wages and benefits and emotional distress.

Defendants deny what the Plaintiff says about sexual harassment, sexual discrimination and retaliation and denies Plaintiff's contentions.

The Defendants say that Title VII and the New Mexico Human Rights Act, are the only remaining causes of action in this case. Under the New Mexico Human Rights Act, Lt. Welch has to prove the City discriminated against her based on her gender or retaliated against her based on her gender. Defendants did not take any adverse employment action against Plaintiff. She has been promoted twice since this lawsuit was filed. Not a single term or condition of her employment changes for the worse during her employment. The City did not ratify or ignore bad behavior after it learned of Plaintiff's complaints. The Defendants did not subject Plaintiff to unwelcome harassment. The City did not impose severe and pervasive conditions on Plaintiff's employment because of her gender. After the City learned that Plaintiff's complaints about her coworkers, the City's response to her allegations was prompt and appropriate remedial action. The City did not impose objectively severe and pervasive conditions on Plaintiff's employment based on her gender. The conditions placed on Plaintiff's employment, if any, were the result of

legitimate, non-discriminatory reasons, not her gender.  Raymond Schultz and David Hubbard were in Plaintiff's chain of command.  Whether you agree with their decisions or not, every action they each took was for a legitimate non-discriminatory reason and Plaintiff's gender was not a motivating decision in any decision they made.

The City did not retaliate against Plaintiff.  The City can only be responsible for its own conduct as an employer.   Plaintiff's statements regarding alleged discrimination were not sufficient to convey to the City that Plaintiff believed the City was acting in an unlawful discriminatory manner within the meaning of the New Mexico Human Rights Act.

Nothing the City did regarding Plaintiff was not done in retaliation for a report of discrimination or because of her gender. The City had a legitimate business purpose for every action it took regarding Plaintiff.  Plaintiff is limited to the relief allowed under the New Mexico Human Rights Act.  She is only entitled to try and prove that she is entitled to actual damages caused because the City impermissibly made employment decisions based on her gender.  The City committed no illegal act or omission based on Plaintiff's gender that caused her to suffer any injury.

13-302C. Statement of denial and affirmative defense(s).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2 - SEXUAL HARASSMENT INSTRUCTION - HOSTILE WORK ENVIRONMENT CREATED BY SUPERVISORS**

Terysa Welch makes a claim against the City of Albuquerque of sexual harassment in violation of federal law. To succeed on this claim, Ms. Welch must prove by a preponderance of the evidence all four of the following factors:

First, that she was intentionally subjected to unwelcome harassment by the employer or by her supervisor;

Second, that the harassment was based upon her sex;

Third, that the harassment was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and Ms. Welch in fact did perceive it to be so; and

Fourth, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment.

"Unwelcome harassment" means conduct that is uninvited, and offensive or unwanted. On whether the conduct was objectively offensive, you may consider, among other things, the frequency of the conduct, its severity, whether it was physically threatening or humiliating or whether it was a mere offensive utterance, whether it unreasonably interfered with an employee's work performance, and its effect on the employee's psychological well-being.

Liability on this claim requires more than mere utterance of an offensive remark. It does not, however, require tangible psychological injury. There is no mathematically precise test for determining whether words and gestures meet the standard. Instead, you must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and

the context in which it occurred. Discriminatory intimidation, ridicule and insult can be sufficiently severe or pervasive in their accumulated effect to alter the conditions of employment and create an abusive working environment. The conduct or actions do not have to be overtly sexual. But conduct that results from genuine but innocuous differences in the way men and women routinely interact with members of the same sex and of the opposite sex is not illegal. Offhand comments, rudeness, occasional teasing and isolated incidents are not alone sufficient. This is not a general civility code for the workplace.

**References:**

1st Circuit Pattern Jury Instruction No.  (2011)

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2001)

*Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1413 (10th Cir. 1987)

Pinkerton v. Colorado Dept. of Transp., 563 F.3d 1052, 1058 (10th Cir. 2009) (quoting Medina v. Income Support Div., 413 F.3d 1131, 1134 (10th Cir. 2005)); E.E.O.C. v. PVNF, L.L.C., 487 F.3d 790, 798 (10th Cir. 2007); Tademy v. Union Pacific Corp., 520 F.3d 1149, 1160 (10th Cir. 2008); DeFlon, 1 Fed. Appx. at 816.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3 - SEX DISCRIMINATION**

Terysa Welch makes a claim against the City of Albuquerque of sex discrimination in violation of federal law.  Specifically, she claims that the City took adverse employment action against her because of sex discrimination. To succeed on this claim, Ms. Welch must prove by a preponderance of the evidence that her sex was a motivating factor in the City's decision to discipline her.

An employer is free to discipline or transfer an employee for any nondiscriminatory reason even if its business judgment seems objectively unwise.  But you may consider the believability of an explanation in determining whether it is a cover-up or pretext for discrimination. To prove that sex was a "motivating factor," Ms. Welch must show that the City used that consideration in deciding to discipline her.

Ms. Welch need not show that sex discrimination was the only reason the City disciplined her.  But she must show that the City relied upon sex discrimination in making its decision.

Ms. Welch is not required to produce direct evidence of unlawful motive.  You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other evidence—for example, explanations that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

An adverse employment action by a supervisor is an action of the employer.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his

or her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service.

If you find that Ms. Welch has not proven by a preponderance of the evidence that the City used Ms. Welch's sex in deciding to discipline or transfer her, your verdict must be for the City.

But if you find that Ms. Welch has proven by a preponderance of the evidence that her gender was a motivating factor in the City's decision to discipline or transfer her then the burden of proof shifts to the City to prove by a preponderance of the evidence that it would nevertheless have taken the same action even if it had not considered Ms. Welch's sex.

If you find that the City has not met its burden of proof, your verdict will be for Ms. Welch and you will proceed to consider damages as I will describe them. But if you find that the City has proven that it would have taken the same action regardless of Ms. Welch's sex, you will not consider damages for this claim.

I have prepared a special verdict form to assist you in addressing these issues.

**References:**

1st Circuit Pattern Jury Instruction No.  1.2 (2012) (modified)

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2001)

*Desert Palace, Inc. v. Costa*, 539 U.S. 90, 93-95 (2003)

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 4 - RETALIATION**

Terysa Welch makes a claim against the City of Albuquerque of violating federal law by retaliating against her for engaging in protected activities, namely filing a discrimination complaint with the EEOC. Filing an EEOC discrimination complaint is a "protected activity." To succeed on this claim, Terysa Welch must prove by a preponderance of the evidence that:

First, the City took adverse action against her; and

Second, her protected activity was a motivating factor in the City's decision to take adverse employment action against her.

Ms. Welch is not required to prove that her EEOC complaint had merit in order to prove the retaliation claim, but she must have a good faith, reasonable belief that it did.

An "adverse action" is one that would be materially adverse to a reasonable employee or job applicant, an action that could well dissuade a reasonable worker from making or supporting a charge of discrimination. This is an objective standard. "Material" means significant, as opposed to trivial. An adverse action by a supervisor is an action of the employer.

Alternatively, if you find that the City new or should have known that people were retaliating against Ms. Welch because of her protected activity in a way that would amount to material adverse action, and that the City failed to take prompt action to stop it, then you may find the City liable for that retaliation.

**References:**
First Circuit Pattern Jury Instruction 5.1: Retaliation, (2012) (modified)
*Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2001)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5 – RETALIATION**

To prove retaliation, Plaintiff must show that: "(1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between these two events."

Ocana v. Am. Furniture Co., 2004-NMSC-018, ¶ 33 135 N.M. 539, 91 P.3d 58.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6 – MOTIVATING FACTOR**

An unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor for the employment practice, even though other factors also motivated the practice.  You must decide if her gender was a consideration that played a substantial role in any  decision by the City to deny Plaintiff equal terms, conditions or privileges of employment.   Her gender need not be the only consideration that led to the City's decision, and her gender need not even be the most important consideration in any adverse employment decision. Plaintiff must establish that the adverse employment action was motivated in part by an illegitimate factor, such as her gender.

Title VII, 42 U.S.C. § 2000e-2(m),  Nava v. City of Santa Fe, 2004-NMSC-039, ¶ 8, 136 N.M. 647, 103 P.3d 571.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7 – LEGITIMATE
NONDISCRIMINATORY REASON**

A legitimate, nondiscriminatory reason is any reason or explanation unrelated to Plaintiff's gender. In considering the legitimate, nondiscriminatory reason stated by the City for its decisions, you are not to second-guess that decision or to otherwise substitute your judgment for that of the City.

In this case, the ultimate burden of persuading the jury that the City intentionally discriminated or retaliated against Plaintiff because of her gender remains at all times with Plaintiff. The City is therefore not required to prove that its decision was actually motivated by the stated legitimate, nondiscriminatory reason.

42 U.S.C. §2000e-2(k)(1)(C)(2); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 8 – MERE BELIEF IS NOT ENOUGH**

Plaintiff's mere belief that the City's explanation is pretextual or that she was treated unfairly, in and of itself, is insufficient as a matter of law to prove gender discrimination.

Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9 – TRUE STATED REASON**

It is not enough for Plaintiff merely to prove that the City's stated reason for its decisions was not the true reason. Plaintiff must prove by a preponderance of the evidence that she was discriminated against or retaliated against because of her gender.  Therefore, even if you decide that the City did not truly rely on the stated reason for its decisions regarding Plaintiff's employment, you cannot decide in favor of Plaintiff without further evidence that gender was a motivating factor in the City's decisions.

42 U.S.C. §2000e-2(m); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 10 – HONEST ERRORS IN BUSINESS JUDGMENT ALLOWED**

It is not your role to second guess the City's business judgment. Standing alone, honest errors in business judgment do not establish discrimination.  Even if you were to decide that the employment decision was neither fair nor wise nor professionally handled, that would not be enough. Even a mistaken belief can be a legitimate, non-pretextual reason for an employment decision.  Thus, you must consider the facts as they appeared to the person making the decision, and you are not to second-guess the City's decision even if it seems in hindsight that the action taken constituted poor business judgment. Your role as jurors is to prevent intentional discriminatory practices, not to act as a 'super personnel department,' second guessing the City's honestly held, even if erroneous, business judgments.  In order to succeed on the discrimination claim, Plaintiff must persuade you by a preponderance of the evidence that if she was not a female, she would not have been disciplined for transporting alcohol in her City vehicle.

Mason v. Avaya Commc'ns, Inc., 357 F.3d 1114, 1119 (10th Cir. 2004); Piercy v. Maketa, 480 F.3d 1192, 1200 (10th Cir. 2007), Young v. Dillon Cos., 468 F.3d 1243, 1249 (10th Cir. 2006).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11 – GENDER DEFINED**

Plaintiff has alleged that she has been retaliated against in violation of the New Mexico

Human Rights Act on the basis of her sex. The term "sex" as used in the New Mexico Human

Rights Act is a synonym for the term "gender" and refers to the quality of being male or female.


42 U.S.C. §2000e-2(a).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12 – HUMAN RIGHTS ACT**

You can only determine whether the City discriminated against Plaintiff based on her gender.

New Mexico Human Rights Act at §.28-1-7(A)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 13 – HUMAN RIGHTS ACT**

In this case you must also determine whether the City of Albuquerque or Raymond Schultz violated a statute known as the New Mexico Human Rights Act.  An employer violates the Human Rights Act if it fails to promote, or discriminates in matters of compensation terms, conditions, or privileges of employment against an n otherwise qualified person based on sex. The City may refuse to promote a person if the action is based on a bona fide occupational qualification.   An employer violates the Human Rights Act if it engages in any form of threat, retaliation, or discrimination against any person who has opposed any unlawful discriminatory practice, filed a complaint, testified or participated in any proceeding under the Human Rights Act.

**References:**

NMRA UJI 13-3207 (2010) (modified)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 14 – SEXUAL HARASSMENT**

Plaintiff's claim under New Mexico Human Rights Act that she was harassed and retaliated against based on her gender by her supervisors.  In order to find for Plaintiff on either of these claims, you must first determine that after they became aware of Plaintiff's allegations of discrimination, one or more of her supervisors subjected her to unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature which altered the terms and conditions of her employment.

29 C.F.R. §1604.11(A); Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998); Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 15 – HUMAN RIGHTS ACT
(DEFENDANT CITY)**

**CITY**

To establish that City of Albuquerque discriminated against Ms. Welch based on her sex, Ms. Welch has the burden of proving the following:

First, that Ms. Welch was "otherwise qualified" to be promoted to the rank of Sergeant in 2011.

Second, that the City did one or more of the following:

A.  disciplined Ms. Welch,

B.   failed to promote Ms. Welch,

C.  threatened, retaliated, or discriminated against Ms. Welch for filing an EEOC complaint;

Third, that Ms. Welch's sex was a motivating factor in the City's discipline of Ms. Welch, the failure to promote Ms. Welch or any threats, retaliation or discrimination against Ms. Welch

If you disbelieve the reason(s) the City have given for its actions, you may infer that the City took these actions because of Ms. Welch's sex.

**References:**

NMRA UJI 13-3207A (2010) (modified)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 16 – HUMAN RIGHTS ACT
(DEFENDANT SCHULTZ)**

**SCHULTZ**

To establish that Mr. Schultz discriminated against Ms. Welch based on her sex, Ms. Welch has the burden of proving the following:

That Ms. Welch was "otherwise qualified" to be promoted to the rank of Sergeant in 2011.

That Mr. Schultz did one or more of the following:

A.      required Ms. Welch to submit a written memo explaining why Ms. Welch should be permitted to take the November 1, 2011 Sergeant's exam because of her sex or because she filed an EEOC complaint;

B.      reported Ms. Welch's name to the New Mexico Law Enforcement Academy because of her sex or because she filed an EEOC complaint

If you disbelieve the reason(s) Mr. Schultz has given for his actions, you may infer that he took these actions because of Ms. Welch's sex.

References:

NMRA UJI 13-3207A (2010) (modified)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17 - COMPENSATORY DAMAGES**

The fact that I instruct you on damages does not represent any view by me that you should or should not find any defendant liable.

You must determine instead what other loss, if any, Ms. Welch has suffered caused by any sex harassment, sex discrimination or retaliation. We call these compensatory damages. You may award compensatory damages for lost wages and benefits, emotional distress and loss of enjoyment of life if you determine that Ms. Welch has proven by a preponderance of the evidence that she has experienced any of these consequences as a result of any sex harassment, sex discrimination, and retaliation. Distress arising from this lawsuit, or legal expenses incurred in this lawsuit must also not be included in these damages. No evidence of the monetary value of intangible things like emotional distress and loss of enjoyment of life is available and there is no standard I can give you for fixing any compensation to be awarded for these claimed injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, of the amount of emotional distress and loss of enjoyment of life, you find that Ms. Welch has undergone as a result of Defendants' conduct. And you must place a money value on this, attempting to come to a conclusion that will be fair and just to both of the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.

**References:**

First Circuit Pattern Jury Instruction 9.1: Compensatory Damages (2009) (modified)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18 – PUNITIVE DAMAGES**

If you find that Ms. Welch should recover compensation for damages, and if you further find that the conduct of a Defendant was malicious, willful, reckless, wanton, or in bad faith, then you may award punitive damages against that Defendant.  Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

You may hold the City liable in punitive damages for the conduct of its employees only if you find that the City ratified or authorized their actions or that the employee committed the wrongful conduct while they were serving in a managerial capacity and  acting within the scope of their employment.

In deciding whether any employee of the City was serving in a "managerial capacity," you should consider the type of authority the City gave them and the amount of discretion they possessed in what was to be done and how it was to be accomplished.  A managerial employee is one who supervises other employees and has responsibility for and authority over a particular aspect of the employer's business. An employee must be important, but need not be top management or an officer to be acting in a managerial capacity. Conduct is within the "scope of employment" if the conduct is the kind of activity the employee was hired to perform, occurs substantially within the authorized time and space limits and was motivated at least in part by the

purpose to serve the City.

Malicious conduct is the intentional doing of a wrongful act or failing to take action with knowledge that the act or the inaction was wrongful.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act or failing to take action with utter indifference to the consequences.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights or safety.

**References:**

Court's Standard Civil Jury Instructions (Gen. # 26) (modified)

First Circuit Pattern Jury Instruction 10.1: Punitive Damages, (2010) (modified)

*Kolstad v. American Dental Ass'n,* 527 U.S. 526 (1999)

*Deters v. Equifax Credit Information Servs., Inc.,* 202 F.3d 1262, 1271 (10th Cir. 2000)

## **SPECIAL VERDICT**

On the questions submitted, the jury finds as follows:

Your verdict in this case will be determined by your answers to the following questions. Make sure that you read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.

Question 1:   Has Plaintiff proven that David Hubbard retaliated against her based on her gender?

Answer:   _____ (Yes or No)

Question 2:  Has Plaintiff proven that David Hubbard discriminated against Plaintiff based on her gender?

Answer:   _____ (Write out Yes or No)

Question 3:   Was the fact that Plaintiff is a female a motivating factor in any employment decision made by David Hubbard regarding Plaintiff?

 Answer:   _____ (Write out Yes or No)

If the answers to Questions 1, 2, and 3 are all "No," you have completed your deliberations in this case against David Hubbard and your foremen answer "YES" to Question 17 on the last page of this special verdict form.  Continue to answer Questions 4, 5 and 6.

Question 4:   Has Plaintiff proven that Raymond Schultz retaliated against her based on her gender?

Answer:   _____ (Yes or No)

Question 5:   Has Plaintiff proven that Raymond Schultz discriminated against Plaintiff based on her gender?

Answer:   _____ (Write out Yes or No)

Question 6:   Was the fact that Plaintiff is a female a motivating factor in any employment decision made by Raymond Schultz regarding Plaintiff?

 Answer:   _____ (Write out Yes or No)

If the answers to Questions 4, 5, and 6 are all  "No," you are not to answer further questions because you have completed your deliberations on this case against Raymond Schultz and your foremen answer "YES" to Question 18  on the last page of this special verdict form.  Continue to answer Questions 7, 8 and 9.

Question 7:    Has Plaintiff proven that the City retaliated against her based on her gender?

Answer:  _____ (Yes or No)

Question 8:  Has Plaintiff proven that the City discriminated against Plaintiff based on her gender?

Answer:  _____ (Write out Yes or No)

Question 9:    Was the fact that Plaintiff is a female a motivating factor in any employment decision regarding Plaintiff?

Answer:  _____ (Write out Yes or No)


If the answers to Questions 1, 2, 3, 4, 5, 6, 7, 8, and 9 are all "No," you are not to answer further questions because you have completed your deliberations on this case. Your foreperson will answer "YES" to Question 19 and sign this special verdict, which will be your verdict for DEFENDANTS and against Plaintiff, and you will all return to open court.

If your answer is "Yes" to Question 1, 2, 3, 4, 5, 6, 7, 8 or 9,  you are to answer Question 10.

Question 10:    Did any unfair consideration of Plaintiff's gender by Defendants in any employment decision cause damage to Plaintiff?

Answer:  _____ (Write out Yes or No)

If the answer to Question 10 is "No," you are not to answer further questions because you have completed your deliberations in this case.  Your foreperson must sign this special verdict, which will be your verdict for Defendants and against Plaintiff, and you will all return to open court.

If the answer to Question 10 is "Yes," also answer Questions 11 and 12.


Question 11:  In accordance with the damage instructions given by the Court, we find the actual damages suffered by Plaintiff to be:

Actual Damages          $_____ (Amount)

33

Question 12:   Was the conduct of any Defendant malicious, willful, reckless or wanton?

Answer:  _____ (Write out Yes or No)

Question 13:    In accordance with the damage instructions given by the Court, we find the punitive damages to be awarded to the Plaintiff to punish malicious, willful, reckless or wanton conduct to be:

Punitive Damages        $_____ (Amount)

Question 14.    Did the Plaintiff mitigate her damages?

Answer:  _____ (Write out Yes or No)

If the answer to Question 14 is "Yes," answer Question 15 and go to Calculation of Damages.  If the answer to Question 14 is "No," skip Question 15 and go to Question 16.

Question15:   What is the amount of money Plaintiff decreased her damages by?

Answer:  $_____ (Amount)

Question 16:   What is the amount of money Plaintiff could have decreased from her damage?

Answer:  $_____ (Amount)


Calculation of Damages:

Carry your answer to Question 11 here:                    _____

Carry your answer to Question 13 here:                    _____

 Subtract the amount of your answer to Question 14 or 15:        Minus   _____

Enter the resulting amount, which will be your verdict
in favor of Plaintiff:                                          _____

34

Question 17.      .Based on the answers to Questions 1, 2 and 3, verdict in favor of David Hubbard:

Answer:   _____ (Write out Yes or No)


Question 18.      Based on the answers to Questions 4, 5 and 6, verdict in favor of Raymond Schultz:

Answer:   _____ (Write out Yes or No)


Question 19.      Based on the answers to Questions 7, 8 and 9, verdict in favor of the City.

Answer:   _____ (Write out Yes or No)


Your foreperson must sign this special verdict and you will all return to open court.


_____
Foreperson


Special verdict form