IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                                                                                               Civ. No. 11-700 KG/SCY

CITY OF ALBUQUERQUE,
*a New Mexico Municipality;* and
Raymond Schultz,

    Defendants.

## ORDER RESULTING FROM APRIL 26, 2018, PRETRIAL CONFERENCE

On April 26, 2018, the Court held a pretrial conference in this matter. Ryan Villa and Richelle Anderson represented Plaintiff while Patricia Williams and Lorna Wiggins represented Defendants.[1]

The Court heard oral argument on the following motions in limine:

    1. Defendants' Motion in Limine and Memorandum of Law to Exclude Admission of any Alleged Violation of Standard Operation Procedures of APD (Doc. 351), response filed (Doc. 381);

    2. Defendants' Motion in Limine and Memorandum of Law to Exclude All References to any Defendant's General Reputation or Reputation for any Particular Trait of Character (Doc. 352), response filed (Doc. 382);

    3. Defendants' Motion in Limine and Memorandum of Law to Exclude Testimony and Other Evidence from Plaintiff's Expert Ginger S. McRae (Doc. 353), response filed (Doc. 383);

    4. Defendants' Motion in Limine and Memorandum of Law to Exclude Friends and Family Witnesses (Doc. 354), response filed (Doc. 384);

    5. Defendants' Motion in Limine and Memorandum of Law to Exclude Admission of EEOC and/or New Mexico Human Rights Bureau Documents (Doc. 355), response filed (Doc. 385);

---

[1] Ms. Wiggins appeared telephonically.

6. Defendants' Motion in Limine and Memorandum of Law Regarding Plaintiff's Alleged Unreported Incidents of Harassment (Doc. 356), response filed (Doc. 386);

7. Defendants' Motion in Limine and Memorandum of Law to Exclude Evidence of Events and Claims that are Time-Barred by the Statute of Limitations (Doc. 357), response filed (Doc. 387); and

8. Defendants' Motion in Limine and Memorandum of Law to Exclude Admission of Hearsay or Irrelevant Evidence (Doc. 358), response filed (Doc. 389).

Having considered the motions in limine, the responses, and the argument of counsel, and for the reasons stated on the record, the Court **ORDERS** as follows:

A. Defendants' Motion in Limine and Memorandum of Law to Exclude Admission of any Alleged Violation of Standard Operation Procedures of APD (Doc. 351) is granted in part in that:

1. Plaintiff's Ex. 21 is admitted only as to the portion of the General Order on the first page, paragraph A, which states the provision which Plaintiff violated and the sanction level of 6; and the remainder of Plaintiff's Ex. 21 will be redacted;

2. by 5:00 p.m. Tuesday, May 1, 2018, Plaintiff, after meeting and conferring with Defendants, will submit to the Court Plaintiff's redacted Exs. 94 and 95; consequently, the Court reserves ruling on those two exhibits until it reviews the redactions;

3. the question of whether to admit Plaintiff's Exs. 36 and 37 is held in abeyance;

4. Plaintiff's Ex. 33 is withdrawn; and

5. Plaintiff's Ex. 34 is excluded as now moot.

B. Defendants' Motion in Limine and Memorandum of Law to Exclude All References to any Defendant's General Reputation or Reputation for any Particular Trait of Character (Doc. 352) is held in abeyance;

C. Defendants' Motion in Limine and Memorandum of Law to Exclude Testimony and Other Evidence from Plaintiff's Expert Ginger S. McRae (Doc. 353) is granted;

D. Defendants' Motion in Limine and Memorandum of Law to Exclude Friends and Family Witnesses (Doc. 354) is denied, but the Court limits such testimony to the witness' perceptions, *see* Fed. R. Evid. 701, and cautions Plaintiff not to present causation evidence through these witnesses and to be mindful of any cumulative testimony;

E. Defendants' Motion in Limine and Memorandum of Law to Exclude Admission of EEOC and/or New Mexico Human Rights Bureau Documents (Doc. 355) is granted in part in that:

1. Plaintiff's Exs. 9, 89, 112, and 125 are withdrawn; and

2. Plaintiff's Exs. 5, 10, 76, 81, and 154-162 are excluded; and

3. the question of whether to admit Plaintiff's Exs. 29, 66-70, 118-124, and 132 is taken under advisement;

F. Defendants' Motion in Limine and Memorandum of Law Regarding Plaintiff's Alleged Unreported Incidents of Harassment (Doc. 356) and Defendants' Motion in Limine and Memorandum of Law to Exclude Evidence of Events and Claims that are Time-Barred by the Statute of Limitations (Doc. 357) are granted in part in that:

1. unreported incidents of a hostile work environment going back to May 2004, including Plaintiff's Ex. 166, are admissible while incidents regarding sex discrimination and retaliation are not admissible if they predate the 300-day period preceding Plaintiff's August 24, 2009, Equal Employment Opportunity Commission (EEOC) Charge of Discrimination; and

2. the parties will meet and confer on a limiting jury instruction which reflects that the jury can consider incidents of a hostile work environment beginning in May 2004 with respect to the sexual harassment claim but can only consider incidents occurring after the 300-day period preceding Plaintiff's August 24, 2009, EEOC Charge of Discrimination with respect to the sex discrimination and retaliation claims;

4. the parties will file that limiting jury instruction by 5:00 p.m. on Friday, May 4, 2018; and

3. by 5:00 p.m. Tuesday, May 1, 2018, the parties will file an amended joint statement of the case setting forth the appropriate start dates for Plaintiff's claims as provided by the Court's rulings on these two motions in limine;

G. Defendants' Motion in Limine and Memorandum of Law to Exclude Admission of Hearsay or Irrelevant Evidence (Doc. 358) is granted in part in that:

1. the question of whether to admit Plaintiff's Exs. 59, 77-80, 99, 153, 153a-153h, and 153j is held in abeyance;

2. Plaintiff's Exs. 24, 25, 26, and 47 are withdrawn;

3. Plaintiff's Ex. 11 is admitted;

4. Plaintiff withdraws Jacob Welsh as a witness and Plaintiff, after meeting and conferring with Defendants, will redact any references to the surveillance issue which may appear in documents;

5. Plaintiff will only call Det. Maureen O'Brien as a fact witness to an EEOC training she attended with Plaintiff and led by Sue Neal;

6. Plaintiff's Ex. 153i is stipulated to; and

7. the question of whether to admit evidence of prior lawsuits and disciplinary actions against dismissed and current Defendants is held in abeyance.

It is further **ORDERED** that:

1. the parties have until 5:00 p.m. on Tuesday, May 1, 2018, to file any motions related to the Court's knowledge of witnesses;

2. after meeting and conferring, the parties have until 5:00 p.m. on Friday, May 4, 2018, to submit an amended proposed Pretrial Order to the Court;

3. Plaintiff and Defendants have 30 minutes, respectively, for opening statements; and

4. the Court will seat ten jurors who will each participated in the verdict unless excused for good cause, *see* Fed. R. Civ. P. 48(a) ("each juror must participate in the verdict unless excused under Rule 47(c).").

UNITED STATES DISTRICT JUDGE