IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                                                                                              Civ. No. 11-0700 KG/SCY

CITY OF ALBUQUERQUE,
*a New Mexico Municipality, et al.,*

    Defendants.

## ORDER SETTING A TELEPHONIC STATUS CONFERENCE

IT IS HEREBY ORDERED that a status conference will be held by telephone on

**THURSDAY, MAY 10, 2018, AT 10:00 AM**. The parties shall call Judge Gonzales' Meet Me line at 505-348-2354 to be connected to the proceedings, and be prepared to discuss the following:

1. Plaintiff's exhibits generally as well as Plaintiff's Ex. 90, to which Defendants specifically object (Doc. 406);

2. Plaintiff's Proposed Limiting Instruction (Doc. 410); and

3. jury instruction issues:
   a. What "other noneconomic losses" is Plaintiff seeking?
   b. What future losses is Plaintiff seeking?
   c. Do Defendants object to Plaintiff seeking damage to reputation?
   d. Is Plaintiff claiming that the transfer out of ROP was an adverse employment action? If so, did Plaintiff administratively exhaust that claim based on that transfer?
   e. Why would Plaintiff be barred from asserting Title VII claims against the City solely because those claims are based on the actions of persons who had their personal lawsuits dismissed on the grounds of qualified immunity and failure to exhaust administrative remedies?
   f. Should the Court include "but for" language from *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) in the New Mexico Human Rights Act (NMHRA) retaliation jury instruction when it is unclear whether the New Mexico Supreme Court would adopt that language? *See Ocana v. American Furniture Co.*, 2004-NMSC-018, ¶ 33, 135 N.M. 539 (setting forth NMHRA

        retaliation elements).
g.    Since Plaintiff did not submit an NMHRA sexual harassment instruction, should the Court refer the jury to the Title VII sexual harassment instruction when instructing on the NMHRA sexual harassment claim against the City or should the Court use NMHRA case law language found at *Ulibarri v. State of N.M. Correc. Acad.*, 2006-NMSC-009, ¶ 12, 139 N.M. 193? In other words, to what extent, if any, can the Title VII and NMHRA elements jury instruction be consolidated?

_____
UNITED STATES DISTRICT JUDGE