# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                                          Civ. No. 11-0700 KG/SCY

CITY OF ALBUQUERQUE and
RAYMOND SCHULTZ,

    Defendants.

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 16. The parties conferred and submit the following Pretrial Order.

## I. APPEARANCES

Attorneys who will try this action:

    For Ms. Welch                 Ryan J. Villa
                                           Richelle Anderson

    For Defendants               Patricia G. Williams
                                           Lorna M. Wiggins

## II. JURISDICTION AND RELIEF SOUGHT

**A. Subject Matter Jurisdiction.**

    **1. Was this action removed or transferred from another forum?** _X_ Yes ___ No
If yes, was the action removed or transferred?
   __X__ Removed          Transferred          Original forum

    **2. Is subject matter jurisdiction of this Court contested?**

   __X__ Uncontested          Contested          Party contesting

3. **Asserted basis for jurisdiction.**

     X      Federal Question  _____ Diversity  _____ Other

Statutory Provision(s) Invoked:  Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 (2001)

B. **Personal Jurisdiction and Venue.**

1. **Is personal jurisdiction contested?**

     X      Uncontested  _____ Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

2. **Is venue contested?**

     X      Uncontested  _____ Contested  _____ Party Contesting

Identify the party contesting personal jurisdiction and basis for objection:

_____

C. **Are the proper parties before the Court?**

     X      Uncontested  _____ Contested

If contested, identify each missing party or improper party and the basis for contention:

_____

D. **Identify the affirmative relief sought in this action.**

1. Ms. Welch seeks: compensatory damages as well as taxable costs and attorney's fees.

2. Defendants seek: A judgment in their favor resulting in a dismissal of all of Ms. Welch's claims, with prejudice, plus recovery of taxable costs against Ms. Welch.

## III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.     Ms. Welch's claims:**

This is a civil lawsuit brought by Ms. Welch against the Defendants City of Albuquerque and Raymond Schultz.  Ms. Welch claims the City of Albuquerque violated her civil rights during her employment with the City as a police officer from 2004 through 2012.  Ms. Welch claims the City violated Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act by discriminating against her on the basis of her sex.  She has claims against the City for discrimination, sexual harassment for being subjected to a hostile work environment, and retaliating against her for complaining to her supervisors about her discrimination and hostile work environment and exercising her right to file a complaint with the Equal Employment Opportunity Commission (EEOC).  Accordingly, Ms. Welch claims she is entitled to damages for these claims for lost wages, loss of opportunity for job advancement, damage to reputation, loss of enjoyment of life, and emotional distress.

Ms. Welch also claims the City and Mr. Schultz violated the New Mexico Human Rights Act by doing one or more of the following: disciplining Ms. Welch; failing to promote Ms. Welch; discriminating in matters of compensation terms, conditions, or privileges of employment against Ms. Welch; and that her sex was a motivating factor in the City's or Mr. Schultz's actions.  Ms. Welch also has a claim for threatening, retaliating, or discriminating against her for complaining to her supervisors about the harassment and discrimination and filing a complaint with the EEOC.

**B.     Defendant's defenses:** *(A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.)*

All activities of Defendants were lawful, in good faith and in the proper exercise of governmental functions and Mr. Schultz is entitled to qualified immunity for the reasons stated

in his motion for summary judgment on the issue and expect the fact questions that precluded summary judgment will be resolved in his favor at trial. Ms. Welch's Complaint, in whole or in part, fails to state a claim upon which relief may be granted. Defendants' actions were made for legitimate, non-discriminatory and non- retaliatory reasons. Ms. Welch's claims are barred in whole or in part by the applicable statute of limitations. Ms. Welch's claims are barred in whole or in part on the <u>Faragher</u> doctrine because the City exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and that Ms. Welch unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Defendants have not retaliated against Ms. Welch. Defendants have not violated any statute, state or federal.

The federal claims are barred to the extent that they were not alleged or encompassed within the charges of discrimination filed by Ms. Welch. Ms. Welch failed to take advantage of the preventative and corrective opportunities provided by the City. The City exercised reasonable care to prevent and promptly correct any discriminatory conduct, which is expressly denied, in the workplace. Ms. Welch's claims are barred, in whole or part, by the doctrines of waiver, estoppel, consent, laches and immunity. The Defendants' alleged actions or purported omissions in this matter do not rise to the level of any statutory or other deprivation of Ms. Welch's rights. Ms. Welch's claims for emotional distress and loss of enjoyment of life are barred, in whole or part. Ms. Welch has failed to mitigate any damages. The parties agree Ms. Welch's claims for punitive damages are barred.

**C. Claims or defenses of other party:**

*N/A*

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A. Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

1. Ms. Welch's claims arise from her employment as a detective for APD.

2. Ms. Welch is female.

3. Ms. Welch was assigned to the APD Special Investigation Division ("SID") Repeat Offender Project ("ROP") from 2004 until 2009.

4. During that time, Ms. Welch was the only female detective assigned to ROP.

5. Ms. Welch filed a complaint with the EEOC alleging sexual harassment and sex discrimination on August 24, 2009.

6. On December 10, 2009, Sue Neal of APD Human Resources, conducted a mandatory EEOC training for SID employees only.

7. Ms. Welch attended this training.

8. On December 16, 2009, Ms. Welch began a temporary duty assignment with the Burglary Unit as a detective.

9. For eighteen months, Ms. Welch was temporarily assigned to the Burglary Unit.

10. On October 12, 2010, Ms. Welch was reported by Kevin Gagne, another SID detective, to Lieutenant William Roseman because Detective Gagne observed Ms. Welch transporting alcohol in her city issued vehicle, which is a violation of APD standard operating procedures ("SOP").

11. Lt. Roseman wrote a memo about Ms. Welch's transporting alcohol in her city issued vehicle to Doug West, commander of SID.

12. Commander West ordered that an internal affairs investigation be initiated on the violation of the SOP.

13. At the time, transporting alcohol in a city vehicle, standing alone, was a level 6 sanction.

14. A level 6 sanction, standing alone, calls for a written reprimand.

15. Based on her discipline of a forty-hour suspension Ms. Welch's name was reported to the New Mexico Law Enforcement Academy by APD.

16. The New Mexico Law Enforcement Academy took no action against Ms. Welch.

17. Ms. Welch was promoted to the rank of Sergeant on March 7, 2013.

18. Ms. Welch was promoted to the rank of Lieutenant in 2017.

**B.  Contested Material Facts.**

1.  Ms. Welch's Contentions:

Ms. Welch contends that the City subjected her to sexual harassment, sex discrimination and retaliation in violation of Title VII and the New Mexico Human Rights Act.

(A) Facts relevant to Sexual Harassment: While she was working as a detective in the ROP unit, she was sexually harassed by her co-workers and supervisors. Ms. Welch claims that the harassment was based on her sex and that the harassment was hostile and abusive. She contends that the harassment was sufficiently severe or pervasive and altered the conditions of her employment and created an abusive working environment. Specifically, she experienced hostility from the time she came to ROP because she was a woman and her supervisor Robert Smith knew about this. Mr. Smith himself made sexually inappropriate comments to her such as

writing on her personal fitness assessment that he wanted to have children with her and left her pictures of himself in her cubicle with a note. He also made inappropriate comments about his genitals in front of her and with other male detectives in her presence, such as Detective Potter. He also inappropriately hugged her and suggested he take her home when he informed Ms. Welch that her boyfriend David Maes, a fellow officer, had been arrested for raping a suspect who was in custody. He also treated her with extreme hostility when she attempted to address Sgt. Hubbard's punctuality memo against her.

(B) Facts Relevant to Sex Discrimination: Ms. Welch contends that the City discriminated against her based on her sex when the City and her supervisors disciplined her. Sgt. Hubbard's punctuality memorandum was discipline and he issued it to Ms. Welch, and not Detective Hill who had also missed a training, in part because of her sex. The City also initiated the internal affairs investigation, an action that normally only requires a written reprimand, relating to the transporting of alcohol in part because of Ms. Welch's sex. The City also suspended her and reported her name to the Law Enforcement Academy for the same reasons.

(C) Facts Relevant to Retaliation: Ms. Welch further contends that the City retaliated against her by disciplining her and forcing her to transfer out of ROP after she made a complaint about the sexual harassment and sex discrimination with her supervisors and the EEOC. Specifically, Robert Smith berated her and questioned her performance when she complained about the punctuality memo. Joseph Hudson also warned her not to make an EEOC complaint about the memo, and when she did, he issued the November 2009 memo to her accusing her of not doing her job properly. The City also conducted a "sham" EEOC training for SID where Ms. Welch and another SID detective, Maureen O'Brien, who had also filed a complaint of sexual discrimination and harassment, were singled out. While still at ROP, Sgt. Hubbard

assigned Ms. Welch to arrest repeat felons by herself, when normally this was done with a fellow detective. Further, while still at ROP someone placed a transfer form in Ms. Welch's box and Robert Smith attempted to physically assault her in the hallway, causing Ms. Welch to fear for her safety. Because APD refused to address the conditions Ms. Welch experienced at ROP, she had to temporarily transfer to burglary. During her 18-month period in burglary, none of the issues at ROP were addressed and she was unable to go back. This caused her to lose overtime opportunities. When she realized she could not go back to ROP safely, she attempted to promote to sergeant which was delayed by the actions of the City and Defendant Schultz in retaliation for earlier complaints.

(D). Facts relevant to the HRA claims: Ms. Welch also contends that the City and Defendant Raymond Schultz did one or more of the following: disciplined Ms. Welch; transferred her from ROP; failed to promote her; discriminated in matters of compensation terms, conditions, or privileges of employment against Ms. Welch; or threatened, retaliated, or discriminated against Ms. Welch for opposing an unlawful discriminatory practice, filing a complaint, and that her sex was a motivating factor for Defendants' actions.

2. Defendant's Contentions:

Defendants deny Ms. Welch's contentions that the City subjected her to sexual harassment, sex discrimination and retaliation in violation of Title VII and the New Mexico Human Rights Act.

All activities of Defendants were lawful, in good faith and in the proper exercise of governmental functions. The federal claims are barred to the extent that they were not alleged or encompassed within the charges of discrimination filed by Ms. Welch. Defendants have not retaliated against Ms. Welch. Defendants have not violated any statute, state or federal.

Defendants have not discriminated against Ms. Welch. The Defendants' alleged actions or purported omissions in this matter do not rise to the level of any statutory or other deprivation of Ms. Welch's rights.

Defendants state that while Ms. Welch was assigned as a detective in ROP, she was not sexually harassed by her co-workers and supervisors. Defendants deny Ms. Welch was harassed at all; no harassment was based on her sex, was hostile and abusive, was sufficiently severe or pervasive, altered the conditions of her employment or created an abusive working environment. Defendants state Ms. Welch did not experience hostility while she was assigned to ROP because she was a woman. Defendants state that no supervisor was aware she claimed she experienced hostility because of her sex. Any claims before August 2006 are time barred. Defendants state no one made unwelcome sexually inappropriate comments to Ms. Welch, inappropriately hugged her or treated her with extreme hostility at any time because of her sex.

Defendants state Ms. Welch's was not discriminated against based on her sex at any time. Defendants state Sgt. Hubbard's punctuality memorandum was not discipline and Ms. Welch was not treated differently in any way because of her sex. Defendants state the City initiated the internal affairs investigation and Ms. Welch was found to have violated five different SOPs, relating to the investigation of her transporting alcohol in a City issued vehicle. The finding that she violated SOPs was not related in any way to Ms. Welch's sex. Defendants state the City suspended her and reported her name to the New Mexico Law Enforcement Academy because she was suspended for a forty-hour suspension, with sixteen hours served and twenty-four hours held in abeyance for six months, and a fourteen-day suspension from APD vehicle take home privileges as discipline and she never served the twenty-four hour portion of her suspension that was held in abeyance. The report of Ms. Welch to the New Mexico Law Enforcement Academy

was not related in any way to Ms. Welch's sex. Defendants state Ms. Welch was not disciplined to retaliate against her. Defendants' actions were made for legitimate, non-discriminatory and non-retaliatory reasons.

Defendants state Ms. Welch was not forced to transfer out of ROP. Defendants state no one berated Ms. Welch or questioned her performance when she complained about the punctuality memo. Defendants state that none of Ms. Welch's supervisors warned her not to make an EEOC complaint about the punctuality memo or took any action against Ms. Welch in retaliation for making an EEOC complaint. Defendants deny the City conducted a "sham" EEOC training for SID employees. Defendants state no one was singled out in the EEOC training for SID employees. Defendants state Ms. Welch was not assigned to arrest repeat felons by herself, when normally this was done with a fellow detective. Defendants deny Ms. Welch reported that someone placed a transfer form in Ms. Welch's box. Defendants deny that a supervisor attempted to physically assault her in a hallway. Defendants state the City addressed the conditions once Ms. Welch complained about them. Defendants deny Ms. Welch had to temporarily transfer to the Burglary Unit, but she requested that transfer. The City exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and that Ms. Welch unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Defendants state all the issues Ms. Welch complained of at ROP were addressed and that she was able to go back to ROP. Ms. Welch failed to take advantage of the preventative and corrective opportunities provided by the City. The City exercised reasonable care to prevent and promptly correct any discriminatory conduct, which is expressly denied, in the workplace. Defendants state Ms. Welch did not lose overtime opportunities. Defendants state Ms. Welch could go back to ROP safely and refused to do so.

Defendants state that Ms. Welch's promotion to the rank of Sergeant was not delayed by the actions of the City and Mr. Schultz in retaliation for earlier complaints but was delayed because Ms. Welch failed the Sergeant's examination the first time she took it.

Defendants state that the City and Mr. Schultz did not discipline Ms. Welch, fail to promote her, discriminate in matters of compensation terms, conditions, or privileges of employment against Ms. Welch or threaten, retaliate, or discriminate against Ms. Welch for filing a complaint and her sex was not a motivating factor for any of Defendants' actions.

Ms. Welch has failed to mitigate any damages.

## V.  APPLICABLE LAW

**A.     Do the parties agree which law controls the action?**

    X     Yes _____ No

**If yes, identify the applicable law:**  Title VII of 1964 Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 (2001) and the New Mexico Human Rights Act.

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1.     Ms. Welch: Ms. Welch contends that the City violated Title VII by subjecting her to sexual harassment, sex discrimination and retaliation. Ms. Welch asserts that: (1) the City and her supervisors knew she was the victim of sexual harassment by her co-workers and failed to take prompt or appropriate remedial action; (2) that she suffered sex discrimination as her sex was a motivating factor in the City's decision to discipline and transfer her out of ROP; and (3) that the City retaliated against her by disciplining her and transferring her following her filing a sexual harassment and sex discrimination complaint with the EEOC.

Ms. Welch further contends that the City and Defendants Raymond Schultz violated the New Mexico Human Rights Act and that her sex was a motivating factor in the Defendants' actions. Ms. Welch alleges the City and Defendant Schultz retaliated against her and her opposition to unlawful employment actions was a motivating factor.

2. Defendants:

a. Whether all activities of Defendants were lawful, in good faith and in the proper exercise of governmental functions;

b. Whether Raymond Schultz is entitled to qualified immunity;

c. Whether Ms. Welch has failed to state a claim upon which relief can be granted

d. Whether Defendants' actions were made for legitimate, non-discriminatory and non- retaliatory reasons;

e. Whether Ms. Welch has failed to mitigate any damages;

f. Whether Ms. Welch's claims are barred in whole or in part by the applicable statute of limitations;

g. Whether Ms. Welch's claims are barred in whole or in part on the <u>Faragher</u> doctrine because the City exercised reasonable care to prevent and correct promptly any sexually harassing behavior and Ms. Welch unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise;

h. Whether Defendants retaliated against Ms. Welch;

i. Whether Defendants conspired against Ms. Welch;

j. Whether Defendants have not violated any statute, state or federal;

k. Whether Defendants discriminated against Ms. Welch;

12

l.  Whether any federal claims are barred to the extent that they were not alleged or encompassed within the charges of discrimination filed by Ms. Welch;

m.  Whether Ms. Welch failed to take advantage of the preventative and corrective opportunities provided by the City;

n.  Whether the City exercised reasonable care to prevent and promptly correct any discriminatory conduct, which is expressly denied, in the workplace;

o.  Whether Ms. Welch's claims are barred, in whole or part, by the doctrines of waiver, estoppel, consent, laches and immunity;

p.  Whether Defendants' alleged actions or purported omissions in this matter do not rise to the level of any statutory or other deprivation of Ms. Welch's rights; and

q.  Whether Ms. Welch's claims for emotional distress and loss of enjoyment of life are barred, in whole or part.

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):**

1.  Ms. Welch:  NONE.

2.  Defendants:  On April 16, 2018, eight motions in limine were filed, as follows:

    a. Motion in Limine regarding Standard Operating Procedures.  [Doc. 351].

    b. Motion in Limine regarding Reputation.  [Doc. 352].

    c. Motion in Limine regarding McRae's Expert Report.  [Doc. 353].

    d. Motion in Limine regarding Friends and Family.  [Doc. 354].

    e. Motion in Limine regarding EEOC and HRB Documents, with Exhibit A.

       [Docs. 355 and 355-1].

f. Motion in Limine regarding Unreported Incidents, with Exhibit A.

   [Docs. 356 and 356-1].

g. Motion in Limine regarding Statute of Limitations, with Exhibits A & B.

   [Docs. 357; 357-1; and 357-2].

h. Motion in Limine regarding Hearsay or Irrelevant Evidence, with Exhibits

   A – G. [Docs. 358; 358-1; 358-2; 358-3; 358-4; 358-5; 358-6; and 358-7].

**B.  Motions which may be filed:**

1. Ms. Welch – All deadlines for filing motions have passed.

2. Defendants- – All deadlines for filing motions have passed.

## VIII.  DISCOVERY

**A.  Has discovery been completed?  __X__ Yes  _____ No**

If no, discovery terminates on _____.

**B.  Are there any discovery matters of which the Court should be aware?**

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony. This does not, however, apply to a rebuttal witness. Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number. A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.  Ms. Welch's Witnesses:**

1. Ms. Welch will call or have available at trial the following witnesses:

   Terysa Welch
   Doug West
   Thomas Welch
   Jason R. Bowie
   Paul Feist
   Pamela Conry, APRN
   Elizabeth Paiz

    Joseph Hudson
    David Hubbard
    Robert Smith
    Danny Garcia
    Maureen O'Brien
    Sue Neal
    Raymond Schultz
    William Roseman
    William Foote, Ph.D.
    Ginger S. McRae, Esq. SPHR
    Brian McDonald, Ph.D. (Depo. Designate)
    Michael Hill

  2.  Ms. Welch may call the following witnesses:

    Nick Laskar
    Gene Marquez
    Coleena Spooner
    Kevin Gagne
    Karen Salazar
    JR Potter
    Mary Scott
    Brett Lampiris-Tremba
    Michelle Campbell
    Jerry Chavez
    Records custodian for EEOC

**B.  Defendant's Witnesses:**

  1.  Defendant will call or have available at trial the following witnesses:

    Raymond Schultz
    Elizabeth Paiz
    David Hubbard
    Robert Smith
    Sue Neal
    Loc Troung

  2.  Defendant may call the following witnesses:

    Terysa Welch
    Doug West
    Paul Feist
    William Roseman
    Harold Prudencio
    Nick Laskar
    Joseph Hudson

Michael Hill
Kevin Gagne
Karen Salazar
JR Potter
Mary Scott
Brian McDonald, Ph.D. by deposition
Michelle Campbell
Maureen O'Brien

## X. TRIAL PREPARATION

**A.     Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than thirty (30) calendar days before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than twenty (20) calendar days before trial.  Each party's contested exhibit list must be filed on the date identified in the preceding paragraph.  All exhibits must be marked before trial.  Exhibits must be marked numerically and identify the party offering the exhibit.  The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.     Witness Lists.**

Each party's witness list must be filed with the Clerk and served on all parties by 20 days. Indicate whether the witness is testifying by deposition or in person.  Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list. The objecting party must mark those portions of the requested deposition testimony to which the party objects.  Marking must comply with D.N.M.LR-Civ. 10.6.  The parties must confer about

any disputes and, if unable to resolve any differences, must notify the Court in writing at least twenty (20) days before trial.

**C.  Voir Dire.**

    1.    If allowed, do the parties which to participate in voir dire?

        Ms. Welch          __X__ Yes  _____No

        Defendant          __X___ Yes  _____ No

**D.  Jury Instructions and Verdict.**

    **1.  In General.**  The parties must confer about proposed jury instructions. The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given. The stock instructions are available from the Court's web site. The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

    **2.  Sources for Instructions.**  If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

    **3.  Submission of Proposed Instructions.**  The parties must submit one mutually approved set of jury instructions no later than thirty (30) calendar days before trial. For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

    **4.  Form of Instructions.**

        a.    Submit sets of double-spaced instructions as follows:

        ___ set(s) of originals without citations and headed "Instruction No. ___"; and

___ set(s) with citations and numbered accordingly, one of which will be filed.

      b.     If requested, also submit all instructions in a format compatible with MS Word. Please refer to the procedures, available on our web site, for electronically submitting proposed text.

      c.     Submit no more than one instruction to a page.

      d.     All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

      e.     Submit a cover sheet on all sets of instructions.

**5.  Deadlines for Submitting Instructions**.

      a.     Instructions shall be filed <u>thirty (30)</u> calendar days before trial.

      b.     Supplemental unanticipated jury instructions may be submitted at trial.

**E.  Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection. The statement must be submitted to the Court <u>thirty (30)</u> days before jury selection.

## XI. OTHER MATTERS

**A.  Settlement Possibilities.**

1.  The possibility of settlement in this case is considered:

__X__ Poor _____ Fair _____ Good _____ Excellent _____ Unknown

2.  Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____ Yes ___X___ No  If yes, when? _____

If a settlement conference has already been held, indicate approximate date: 3/16/2018

Would a follow-up settlement conference be beneficial?  _____ Yes  **X**  No

3. Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify: _____

If no, explain why not: _____

**B.** **Length of Trial and Trial Setting.**

1. This action is a: _____ Bench Trial  **X**  Jury Trial _____ Both

2. The case is set for trial on <u>May 14, 2018</u>.

3. The estimated length of trial is <u>ten (10)</u> day(s).

## XII. EXCEPTIONS

Defendant Schultz is not entitled to the defense of qualified immunity.

Defendants take exception with the identification of Jerry Chavez as a witness for the first time in this Pretrial Order, as the deadline for identifying witnesses is long past. Depending on the rulings on the Defendants' Motion in Limine regarding EEOC and HRB Documents, with Exhibit A [Docs. 355 and 355-1], Defendants take exception to the identification of "Records custodian for EEOC" on Plaintiff's May Call witness list. Defendants take exception with the contention in IV(1) above that "Ms. Welch alleges the City and Defendants Schultz retaliated against her and her opposition to unlawful employment actions was a motivating factor" because "motivating factor" is not an element of the retaliation analysis or the New Mexico Human Rights Act analysis.

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

.

_____
UNITED STATES DISTRICT JUDGE