IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERYSA M. WELCH,

    Plaintiff,

vs.                                                       Civ. No. 11-700 KG/SCY

CITY OF ALBUQUERQUE,
*a New Mexico Municipality*,

    Defendant.

## ORDER

On May 18, 2018, this matter came before the Court upon Defendants' oral motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). Also before the Court is Plaintiff's Motion to Reconsider Judgment as a Matter of Law on Retaliation Claim Against City (Motion to Reconsider) (Doc. 436), filed May 19, 2018. The Court heard argument on the Motion to Reconsider on May 21, 2018.

A.     *Defendants' Rule 50(a) Motion*

The standard for granting judgment as a matter of law pursuant to Rule 50(a) "mirrors" the standard for granting summary judgment. *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 843 F.3d 1225, 1247 (10th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Accordingly, judgment as a matter of law is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). In other words, "[j]udgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *Auraria Student*

*Hous. at the Regency, LLC,* 843 F.3d at 1247. The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

    1.    *The New Mexico Human Right Act (NMHRA) Sex Discrimination Claim Against Defendant Schultz*

The Court determines that the evidence, even if viewed in the light most favorable to Plaintiff, shows that she has failed to exhaust the NMHRA sex discrimination claim against Schultz ,which Plaintiff argues she raised in the "Particlulars" section of her February 21, 2012, Charge of Discrimination. Plaintiff did not specifically name Schultz or provide an address for him in the appropriate section of the Charge of Discrimination. The evidence showed that Plaintiff retained counsel as early as 2009, had counsel when she filed this lawsuit in August 2011, and continued to be represented through the present date. Plaintiff filed her February 2012 Charge of Discrimination after she filed this lawsuit and had counsel. The Court concludes from this evidence that Plaintiff is not an "unwary claimant" who did not have advice of counsel and unwittingly failed to name Schultz in the Charge of Discrimination. *See* (Doc. 267) at 7 (discussing *Muffoletto v. Christus St. Vincent Reg'l Med. Ctr.*, 157 F.Supp.3d 1107, 1114 (D.N.M. 2015)). The NMHRA sex discrimination claim against Schultz is, therefore, subject to dismissal as a matter of law under Rule 50(a).

    2.    *The NMHRA Retaliation Claim Against Schultz*

Viewing the evidence in the light most favorable to Plaintiff, the Court determines that the evidence points but one way and is susceptible to no reasonable inferences with respect to the NMHRA retaliation claim against Schultz. The evidence does not show that there is a causal connection, whether one applies the "but-for" test under *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 570 U.S. 338, 360 (2013) or not, between protected activities and adverse employment actions.

Specifically, the evidence fails to establish a causal connection between Plaintiff's reports of sex discrimination and harassment to supervisors and the Equal Employment Opportunity Commission (EEOC), and discipline Schultz imposed on Plaintiff for possessing alcohol in her City-issued vehicle as well as his referral of Plaintiff to the New Mexico Law Enforcement Academy. For that reason, the NMHRA retaliation claim is subject to dismissal under Rule 50(a).

   3.   *The Title VII and NMHRA Sexual Harassment Claims Against Defendant City of Albuquerque (City)*

Defendants argue that Plaintiff did not administratively exhaust her sexual harassment claims because her first EEOC Charge of Discrimination referred only to "verbal harassment." That Charge of Discrimination, filed on August 24, 2009, however, also added in the "Particulars" section that Plaintiff for the last four and half years was subjected to "a hostile work environment…." (Doc. 426-5) at 1. The resulting December 2010 EEOC Determination acknowledges a claim of harassment and hostile work environment. (Doc. 426-3) at 1. The EEOC Determination further found that "Respondent's contentions that it did not subject Charging Party to unlawful treatment are unfounded." *Id.*

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (citation omitted). In other words, the "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge." *Id.* The Ninth Circuit has held that "an EEOC civil suit may allege any discrimination stated in the charge itself *or discovered in the course of a reasonable investigation of that charge*, provided such additional discrimination was included in the EEOC 'reasonable cause'

determination and was followed by compliance with the conciliation procedures of the Act.'"
*Arizona ex rel. Horne v. Geo Group, Inc.*, 816 F.3d 1189, 1205 (9th Cir. 2016) (citation omitted) (emphasis added). Consequently, a court can find that a claim is exhausted by reviewing an EEOC determination and its evident investigation of a claim that may not have been explicit in the charge. *See DeBlanc v. St. Tammany Par. Sch. Bd.*, 2015 WL 1245781, at *8 (E.D. La.), *aff'd,* 640 F. App'x 308 (5th Cir. 2016) (finding exhaustion of retaliation claim was clear when questionnaire "generated an EEOC investigation of Plaintiff's retaliation claim. This conclusion is evident from the EEOC determination letter addressing the merits of Plaintiff's subject charge, which mentions Plaintiff's retaliation claim arising from Mr. Bruno's complaint."). *Cf. Pou v. Neshoba Cty. Gen. Hosp. Nursing Home*, 2014 WL 585961, at *2 n.4 (S.D. Miss.) (determining scope of EEOC investigation by examining both charge and determination letter).

Having reviewed the August 2009 Charge of Discrimination and the December 2010 EEOC Determination, the Court concludes, as a matter of law, that Plaintiff exhausted her sexual harassment claims against the City. Furthermore, for the reasons stated on the record at the Rule 50(a) hearing, the Court determines that the evidence, when viewed in Plaintiff's favor, could support sexual harassment claims against the City, under either Title VII or the NMHRA. Defendants' Rule 50(a) motion, therefore, fails as to the sexual harassment claims against the City.

    *4.*    *The Title VII and NMHRA Sex Discrimination Claims Against the City*

Having viewed the evidence in the light most favorable to Plaintiff, and for the reasons stated on the record at the Rule 50(a) hearing, the Court determines that the evidence could support sex discrimination claims against the City, under either Title VII or the NMHRA. Hence, Defendants' Rule 50(a) motion fails as to the sex discrimination claims against the City.

> 5. *The Title VII and NMHRA Retaliation Claims Against the City*

Viewing the evidence in the light most favorable to Plaintiff, the Court determines that the evidence points but one way and is susceptible to no reasonable inferences with respect to the Title VII and NMHRA retaliation claims against the City. The evidence does not show that there is a causal connection, whether one uses the "but for" test or not in considering causation, between protected activities and adverse employment actions. Specifically, the evidence does not show a causal connection between Plaintiff's reports of sex discrimination and harassment to supervisors and the EEOC, and the discipline the City imposed on Plaintiff for possessing alcohol in her City-issued vehicle or the City's transfer of Plaintiff to the burglary unit. For that reason, the retaliation claims against the City are subject to dismissal under Rule 50(a).

B. *Plaintiff's Motion to Reconsider*

Having reviewed the Motion to Reconsider and the argument of counsel, and for the reasons stated at the May 21, 2018, hearing on the Motion to Reconsider, the Court determines that the Motion to Reconsider lacks merit and will be denied.

IT IS ORDERED that

1. Defendants' oral motion for judgment as a matter of law is granted in part;

2. the NMHRA sex discrimination claim against Defendant Raymond Schultz is dismissed without prejudice;

3. the NMHRA retaliation claim against Defendant Raymond Schultz is dismissed with prejudice;

4. the Title VII and NMHRA retaliation claims against the City are dismissed with prejudice; and

5. Plaintiff's Motion to Reconsider Judgment as a Matter of Law on Retaliation Claim Against City (Doc. 436) is denied.

_____
UNITED STATES DISTRICT JUDGE